The decree is affirmed and the appeal dismissed, at the costs of appellant.

# Appeal of Charles G. Wetter et al., Trustees.

## Estate of Samuel R. Brick, Deceased.

Whether a legacy to trustees for a charitable purpose was payable at the expiration of the year from the date of testator's death or was postponed until after the death or marriage of testator's widow, was held, under the facts of this case, to be a matter to be determined by the testator's intention as disclosed by the provisions of his will.

Testator gave the entire income of his estate to his wife for life, with the exception of small pecuniary legacies to his two nieces, who were in destitute circumstances, and deferred the payment of all pecuniary legacies, including one in trust for two of his children until the death of his widow. Subsequently, by a codicil, he gave a pecuniary legacy to trustees for a charitable purpose with no limitation as to the time of the payment thereof. *Held*, that in view of the general scheme of his will it will be presumed that it was his intention to postpone this charitable legacy also until after the death of his widow.

(Argued January 6, 1888. Decided January 23, 1888.)

January Term, 1887, No. 372, E. D., before GORDON, Ch. J., PAXTON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal of Charles G. Wetter *et al.*, surviving trustees of Harmony Lodge, No. 52, A. Y. M., from a decree of the Orphans' Court of

Cited in Fry's Estate, 163 Pa. 30, 35, 29 Atl. 699; Padelford's Estate, 21 Pa. Co. Ct. 130, 136; Lutz's Estate, 9 Pa. Co. Ct. 294, 298, 27 W. N. C. 403, 48 Phila. Leg. Int. 4; Levy's Estate, 11 Pa. Co. Ct. 266, 268, 1 Pa. Dist. R. 217; Fry's Estate, 13 Pa. Co. Ct. 264, 266, 2 Pa. Dist. R. 426; Watt's Estate, 14 Pa. Co. Ct. 625, 629, 3 Pa. Dist. R. 343; Engle's Estate, 15 Pa. Co. Ct. 26, 29, 3 Pa. Dist. R. 397, 34 W. N. C. 355, and in Whelen's Estate, 16 Pa. Co. Ct. 523, 525.

Philadelphia County in the matter of the estate of Samuel R. Brick, deceased. Affirmed.

Samuel R. Brick died on May 16, 1885. By his last will he made certain provisions for his widow and children, which are fully set out in the opinion of the supreme court. By a codicil he gave to Charles G. Wetter, Conrad B. Day, and Christopher Tucker $2,000, to invest until it should amount to $4,000, and to be known as the "Samuel R. Brick Annuity Fund," the income thereof to be applied for the relief of the indigent members and their widows, and orphans, of Harmony Lodge, No. 52, A. Y. M.

At the audit, before ASHMAN, J., the said trustees claimed that the legacy to them was payable to them immediately. The court, however, held that the whole scheme of the will looked to the gift of the entire income to testator's widow for life and the postponement until her death of all legacies; that there was nothing in the legacy to this charity nor in the other provisions of the codicil that manifested an intention to modify this scheme, and entered a decree accordingly.

The trustees filed exceptions to this ruling, which the court, PENROSE, J., dismissed. They then took this appeal, assigning for error this action of the court.

*George S. Graham,* for appellants.—The question in this case is whether the pecuniary legacy to the appellant is presently payable or postponed until the death or remarriage of the testator's widow.

Legacies, if no time be limited for the payment thereof, shall in all cases be deemed to be due and payable at the expiration of one year from the death of the testator. Act of February 24, 1834, Purd. 555, pl. 231.

The act is mandatory.

The legacy in question is given by the first codicil of the will. There is no time limited for the payment thereof, and no intention expressed that its payment shall be postponed until the termination of the estate of the widow.

*Allen H. Gangewer* for appellee.

OPINION BY MR. JUSTICE STERRETT:

Appellants' contention is that the legacy of $2,000 to them, in

trust for certain charitable purposes, was payable according to the provisions of the act of 1834 at the expiration of one year from testator's death, and was not postponed, as the court below held, until after the death or marriage of his widow. This single question, presented for our consideration, must be determined from what appears to have been testator's intention as disclosed by the provisions of his will.

After disposing of a very small portion of his estate by giving to each of two nieces the interest of $3,000, while they respectively remain single, and making specific bequests of personal property to two of his sons and a grandson respectively, the testator, in the fifth item of his will, bequeaths to his wife "all the rents, interest, and income of all the rest of his estate, real, personal, and mixed," including the use of his "household furniture, plate, etc., for and during all the term of her widowhood;" and, in case she married again, he gives her an annuity of $2,000, payable quarterly. In the concluding sentence of same item, he gives and bequeaths "from and immediately after the decease or intermarriage of" his widow, whichever may first happen, all his residuary estate to his children, grandchildren, and others, in the manner specified in the next succeeding twelve items of his will. Two of these are an annuity of $150 to his brother-in-law, and $500 to Woodland Cemetery Company, for the purpose of keeping his burial lot in order.

It will be observed that these and all other residuary legacies and bequests are expressly postponed until the decease or marriage of his widow. The general testamentary scheme is thus disclosed, too clearly to admit of any doubt. It evidently contemplates a gift of the entire income of the estate to his wife during widowhood, and the postponement of all legacies except the interest of $3,000, given temporarily to two of his nieces.

If appellants' construction prevails, it will not only give their legacy precedence to the general legacies and bequests to his children and others, but it will also materially lessen the income of his wife, who is evidently the primary object of testator's bounty. This would be contrary to the well-established principle of construction that a clear gift cannot be cut down by any subsequent words unless they show an equally clear intention. In the absence of any evidence to the contrary, the reasonable presumption is that, in making the codicil giving the legacy in question to appellants, the testator had in view the same testa-

mentary scheme that induced him to postpone legacies and bequests to his children and others in the body of the will. Indeed, it is wholly improbable that he had abandoned that scheme and intended not only to cut down the gift to his wife, but also to give special precedence to appellants' legacy.

In view of the clearly defined scheme of the testator; and in the absence of any expression indicating an intention to depart therefrom, the orphans' court was right in holding that testator intended to place the legacy in question on the same plane of equality with those given to his children in the body of his will.

Decree affirmed and appeal dismissed, at the costs of appellants.