## Staley *v.* Staley, Appellant.

*Ejectment—Wills—Construction of.*

In an action of ejectment brought by a father against his daughter, both parties claimed title under the will of the wife of the former, and the mother of the latter. The first paragraph of the will provided that "all the rest residue and remainder of my estate * * * I * * * devise and bequeath to my husband * * * during his natural life."

The will provided in the second paragraph that "at the decease of my husband * * * I give and bequeath my residuary estate to my children as follows * * * 441 N. Wilton St., to be sold * * * I devise and bequeath to my daughter 441 N. Wilton St., for a home while they are not married it cannot be sold while they are living in it." The defendant held possession of the property 441 N. Wilton St., since the death of her mother.

*Held:* That the will devised to the plaintiff a life estate in all the property of his deceased wife; that the provisions of the second paragraph of the will are only to take effect after his death; and that the plaintiff is entitled to the immediate possession of the property.

Argued October 21, 1926. Appeal No. 228, October T., 1926, by defendant on judgment of C. P. No. 2, Philadelphia County, December T., 1925, No. 13,903, in the case of George Washington Staley, Sr. v. Elsie Stetson Staley. Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ. Affirmed.

Ejectment for 441 North Wilton St., Philadelphia. Before Stern, P. J., Lewis and Gordon, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment on the pleadings.

The Court entered judgment in favor of the plaintiff, and assessed damages for mesne profits in the sum of $1,113. Defendant appealed.

*Error assigned* was the judgment of the Court.

*Thomas C. Egan,* and with him *Wolf, Black, Schorr & Soliscohen,* for appellant.—The subsequent gift to the daughter limited the prior gift to the husband. Clark v. Dennison, 283 Pa. 285, 291; Buechley's Estate, 283 Pa. 107; Bingeman's Estate, 281 Pa. 497 at 508.

*Arthur Hagen Miller,* for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

This is an action of ejectment for a property in the City of Philadelphia. The plaintiff recovered judgment in the court below and the appeal is by the defendant. The plaintiff is the father of the defendant and each claims title under the will of Mary Jane Staley, deceased, who was the wife of the former and mother of the latter. The only question involved depends for its solution upon the construction of said will.

Mary Jane Staley died January 7, 1923, leaving a last will and testament dated May 16, 1922, which was duly admitted to probate and her surviving husband, this plaintiff, elected to take under the provisions of said will. The first paragraph of the will, after directing payment of her debts and funeral expenses, contained the following material provisions, viz: "as to all the rest residue and remainder of my estate real personal or mixed of whatever nature or kind or wheresoever the same of my decease I do hereby give devise and bequeath to my husband George Washington Staley during his natural life." The second paragraph of the will contained the following: "At the decease of my husband George Washington Staley. I give devise and bequeath of my residuary estate to my children as follows [here follow in a single sentence, devises of specific pieces of real estate to each of her children, and then, in the same sentence,] 441 N. Wilton St., to be sold money divided equal when they must agree for

the sale at any time after Elsie and my daughter Mabel gets married if any don't want to sign their money cannot be given to them till they do sign I devise and bequeath to my daughter 441 N. Wilton St., for a home while they are not married it cannot be sold while they are living in it." The property 441 N. Wilton St., is that involved in this litigation. Elsie Stetson Staley, since the death of her mother, has held possession of the property adversely to the claim of her father, asserting that the second paragraph of the will took that property out of the operation of the devise of the life estate to her father contained in the first paragraph and that she has a right to the possession of that property so long as she remains unmarried. The contention of the plaintiff is that the will devises to him a life estate in all the property of his deceased wife, and that the provisions of the second paragraph of the will are only to take effect after his death, when the property is to be divided among the children in accordance with the provisions of that paragraph. The learned judge of the court below construed the will in accordance with the contention of the plaintiff, with which construction we are in entire accord. The intention of the testatrix is to be gathered from the words used by her in her will. Those words are free from ambiguity and do not require the consideration of technical rules of construction. The testatrix was careful to declare that the provisions of the second paragraph of the will should take effect only "after the decease of my husband George Washington Staley." Having thus set forth her intention she proceeds, in that paragraph, to "devise and bequeath my said residuary estate to my children as follows"; thus clearly indicating that she understood what she was devising in that paragraph to be the residuary estate, the estate in remainder, after the determination of the life estate devised to her husband in the first paragraph

of the will. The courts are not free to disregard the intention of the testatrix thus distinctly manifested and substitute for the provisions of the will a distribution of her property which they might think the testatrix ought to have made.

The judgment is affirmed.