Blish Trust.

Argued April 19, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE, and HUGHES, JJ.

reargument refused September 25, 1944.

*A. B. Geary* of *Geary & Rankin,* for appellant No. 118, appellee No. 123.

*Robert W. Beatty,* of *Butler & Beatty,* with him *Joseph W. Henderson,* of *Rawle & Henderson, A. Sidney Johnson, Jr.,* and *George M. Brodhead, Jr.,* for appellant No. 123, appellee No. 118.

OPINION BY MR. JUSTICE DREW, June 30, 1944:

Delaware County Trust Company, a substituted trustee under a deed of trust of Samuel A. Blish, upon the death of his widow, one of the remaindermen, filed its first and final account, to which Adell Blish, the mother of settlor and a life beneficiary filed exceptions. After hearing and argument, the learned court of common pleas entered its decree sustaining some of the exceptions filed and dismissing the others. These cross appeals by the substituted trustee and the exceptant followed.

Mr. Blish executed his will on January 30, 1928, naming his wife and Franklin Trust Company of Philadelphia executors and trustees; and at the same time executed a deed of trust in which he assigned certain policies of insurance on his life to the company as trustee. He died on October 5, 1929, leaving surviving his

widow, Nora S. Blish, and a then minor daughter, Elizabeth Ann, as well as his aged mother Adell Blish, the exceptant. Following his death, letters testamentary on his estate were granted to the named executors; and Franklin Trust Company qualified as trustee under the deed and received payment of the proceeds of the insurance policies.

Item 1 of the deed of trust provides, among other things, that the trustee shall collect all moneys due and payable under the policies, hold and manage the proceeds thereof, invest and reinvest the same, and pay three-fourths of the net income to settlor's wife for life, and the other one-fourth to his daughter until she attains the age of thirty-one. It also is provided that distribution of the entire principal shall be made to the daughter in ten annual installments to begin when she reaches thirty-one years of age, providing the wife then be deceased; and if the wife be living at that time, distribution of the principal to the daughter is to commence on her next birthday following the death of the widow. The pertinent portion of Item 2, the construction of which gave rise to several of the exceptions filed, is as follows: "In the event that my estate shall be insufficient to take care of the provisions in Items No. . . . 8(a) . . . of my Last Will and Testament dated the 30th day of January A. D. 1928, my Trustee shall set aside and apply out of the principal of the trust funds derived under this Deed of Trust a sum sufficient to carry out the provisions of the said items before any of the provisions made in this Deed of Trust shall become effective." Item 8(a) of the will, to which settlor makes reference in Item 2 of the trust deed, provides as follows: "8. All the rest, residue and remainder of my estate real, personal and mixed . . . I give, devise and bequeath unto my Trustees hereinafter named in trust to collect and receive the rents, issues and profits, income, interest and dividends thereof, and after deducting all taxes and lawful charges incident to the admin-

istration of the trust, to pay the net income as follows: (a) the sum of One Hundred Dollars ($100) per month to my mother, Adell Blish, for and during the term of her natural life; and in addition thereto, I direct my Trustees to pay out of the principal the funeral expenses of my mother upon her death, said expenses, however, not to exceed the sum of Five Hundred Dollars ($500)."

Between October 15, 1929, and June 15, 1932, there were paid to the mother 27 monthly installments of $100 each and five monthly installments of $50 each, under the provisions of Item 8(a) of the will, but no payments have since been made to her either under the will or under the deed of trust. Franklin Trust Company failed in 1931, and the Secretary of Banking of the Commonwealth took possession of its business and property, and thereafter filed successive accounts. On November 16, 1934, pursuant to the petition of the widow, wherein she erroneously averred that the only persons having any interest in the trust were herself and her daughter, the court of common pleas entered a decree removing the trustee under the deed and substituting in its stead Delaware County Trust Company. On February 15, 1935, the bond of the latter company was approved and filed, and the Secretary of Banking then delivered to it all of the assets of this trust, including 2,469 shares of the common stock of Cities Service Company. From time to time, between January, 1936, and April, 1937, the substituted trustee sold 969 shares of this stock, and in July, 1939, it exchanged the remaining 1,500 shares for 150 shares of new common stock of the same corporation under a recapitalization plan, which stock it still retains. Also this trustee paid out of the principal of the trust the sum of $3,704 to the settlor's widow for maintenance of the daughter; and out of income the sums of $939.31 to the widow and $416.93 to the daughter.

The mother had no knowledge of the deed of trust until June 6, 1941, when her attorney, in his investiga-

tion to determine why the monthly payments to the mother had ceased, accidently learned of the existence of the trust. He immediately notified the substituted trustee that no payments had been received by the mother since June 15, 1932. The widow died on January 26, 1941, and the account to which these exceptions were made, was filed on September 3, 1941.

The exceptions were to the action of the substituted trustee in failing to pay exceptant $100 a month out of income and principal, as provided by Item 2 of the deed of trust; for its taking credit in the account for payments of principal and income made to the widow and daughter, and also for trustee's commissions; and to the retention of the stock of Cities Service Company. The court below sustained the exceptions as to the payments of both income and principal to the widow and daughter and the failure to dispose of the stock within a reasonable time after its acquisition from the Department of Banking, and surcharged this trustee for the payments erroneously made, as well as for the value of the stock three months after it was thus obtained. The court, however, dismissed the exceptions as to commissions of the trustee, and as to its failure to pay exceptant out of the principal of this trust.

Both appellants contend that the court below erred in its interpretation of Item 2 of the deed of trust. The substituted trustee's contention is that the insufficiency in the estate contemplated by the settlor referred only to an insufficiency at the time of his death in the income to pay the mother $100 a month, and not, as determined by the court, at the time of distribution of the estate. It further argues that since there was actually sufficient income from the estate at the time of settlor's demise, as is evidenced by the monthly payments admittedly made to the mother up to June 15, 1932, it was error for the court to surcharge it in the amount of the payments of principal and income made by it to the widow and daughter. On the other hand, it is contended by

the exceptant that, while the surcharge to the extent of such payments was proper, nevertheless, the court fell into error in confining her monthly payments to the income from the insurance trust, since, she argues, it was the settlor's intention that if there was an insufficiency at any time in the income of the estate to pay her $100 a month, she was to receive the deficiency out of income of the insurance trust, and if that was not sufficient, then payment of any deficit was to be made to her out of the principal of that trust.

In construing a deed of trust, the primary rule is that the intention of the settlor must prevail if consistent with the rules of law: *Hirsh's Trust Estate,* 334 Pa. 172, 5 A. 2d 160. It is also true, that where there are two or more instruments relating to a trust they should be construed together to effectuate settlor's intention: *Kenin's Trust Estate,* 343 Pa. 549, 23 A. 2d 837. Looking at the deed of trust here under consideration, as well as the will, with these well-established principles in mind, we are of the opinion that the learned court below was correct in concluding that it was settlor's intent that if his estate should be insufficient to provide an income out of which to make the monthly payments to his mother during the settlement of his estate, and insufficient, at the time of distribution, to pay the legacies and to leave a residue in trust, the income of which would be enough to continue such payments, then the provisions of Item 2 of the trust deed should become effective. The burden was on this trustee to prove that at the time of distribution the income of the estate was ample to pay the mother the sum of $100 a month. But this burden was not met, since no evidence of distribution of the principal of the estate by the executors was presented. It was proper then for the court to assume that there was not sufficient funds in the estate to provide an income sufficient to make such payments to the mother. Under such circumstances, the provisions of Item 2 of the deed then applied, and it was the duty of

the trustee to set aside all, or a sufficient amount, of the principal of the trust to provide for the gift to the mother, before making any payments whatever to the widow and daughter. Admittedly no such fund was ever set aside and no payments made to the mother out of this trust, although she had received her last payment out of the estate in June, 1932. Clearly then the learned court below properly sustained the exceptions as to the payments of income and principal which this trustee made to the widow and daughter.

We are convinced, as was the court below, that by Item 2 of the deed of trust settlor intended to confine the monthly payments to his mother to the income of the trust created by that instrument. By Item 8(a) of his will, testator limited payment of the bequest to his mother of $100 a month to the income of the trust set up by Item 8 of the will. It was his desire by Item 2 of the deed to make similar provision for her and thus to insure, if possible, receipt by her of that sum in case there was not sufficient in his estate to make such payment each month. It stands out with clearness that the provision in Item 2 of the trust deed was intended to partake of the same character and incidents as the provision in Item 8(a) of the will.

No legal justification for making the payments to the widow and daughter can be found in the fact that this trustee may have been misled as to the existence of the mother by the erroneous statement of the widow, contained in the petition for the removal of the original trustee and the substitution of another to act in its stead, that the widow and daughter were the only interested parties. It was the duty of the trustee, before making any payments whatsoever, to thoroughly and carefully examine the provisions of the trust instrument and also to determine as a fact whether the named beneficiaries be living or dead. A fiduciary cannot be relieved by a mistaken payment made in good faith to the wrong person. Nor was the decree appointing the

substituted trustee a finding of fact by the court that the widow and daughter were actually the only parties in interest in the trust.

There is nothing in this record which could convict the mother, now almost ninety years of age, of laches. By the exercise of the highest degree of vigilance, she could not have discovered the existence of the deed of trust or of the trust estate created thereunder any earlier than June 6, 1941. Her counsel was looking for the trust residue under the will, when he called at the offices of the substituted trustee, and it was only by the merest accident that this trust came to his knowledge.

As to sustaining the exception that this trustee failed to use common skill, common prudence and common caution in the retention of the old and new shares of Cities Service Company stock and by directing it to replace the stock with cash in the amount of $2,437.50— its value three months after acquisition by this trustee— we are convinced that the court committed no error. This stock had suffered large depreciation in value, was highly speculative and yielded no income since its acquisition by the trust. It should have been disposed of within a reasonable time. The trustee offered no evidence in justification of its action in retaining the stock. It is proper, therefore, to assume that the investment was given no consideration and to surcharge the trustee for its negligence. It is well established that the authority to retain non-legal investments does not justify a trustee in holding them without attention: *Stirling's Estate*, 342 Pa. 497, 21 A. 2d 72.

We are not convinced in the circumstances presented that the court below abused its discretion in allowing commissions to the substituted trustee and in dismissing the exceptions as to credits claimed therefor in the principal and income accounts.

We have considered all the assignments of error of both appellants and find no merit in them.

Order affirmed.