## Long Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Ralph S. Croskey*, of *Croskey & Edwards*, for exceptants.

*White, Williams & Scott* and *Saul, Ewing, Remick & Saul*, contra.

HUNTER, J., May 21, 1954.—This trust arose under deed dated August 16, 1935, whereby settlor, George

W. Long, transferred certain property to the Pennsylvania Company for Insurances on Lives and Granting Annuities:

"In trust nevertheless to hold and invest the same, keep the same safely invested and pay over the income therefrom or any undistributed balance thereof unto Sarah E. Long, wife of the Settlor, for life.

"In trust upon the death of the Settlor to pay over unto the said Sarah E. Long out of the principal hereof the sum of Seven Thousand Dollars (7,000) absolutely should she be then living.

"In trust if and when William Merrill Long, son of the Settlor, attains the age of fifty years, to pay over unto him out of the principal of the said trust the sum of Six Thousand Dollars ($6,000) absolutely.

"In trust if and when Eleanor L. Beach, daughter of the Settlor attains the age of fifty years, to pay over unto her out of the principal of the said trust the sum of Seven Thousand Dollars ($7,000) absolutely."

The deed contains further provisions to take effect upon the death of the wife, and the death of either child prior to attaining his or her full share.

Settlor and his wife are living, and are 88 and 70 years of age, respectively. They separated in August of 1953. She is his second wife, and stepmother of his children.

William Merrill Long, the son, attained the age of 50 years on May 17, 1948, and Eleanor L. Beach, the daughter, attained that age on May 2, 1942. The account is filed in order that they may present their claims to the respective sums given them out of the principal of the trust. They excuse their delay by pleading ignorance of the terms of the trust, and claim their respective sums with interest.

As far as is known, all income of the estate down to the time of separation of husband and wife in 1953 was paid to the wife by checks drawn to her order and

by her endorsed over to settlor and deposited in his account. These income checks were accepted by settlor notwithstanding the fact that the son and daughter had attained the age of 50 years in 1942 and 1948, respectively, and had not been paid their principal sums.

The auditing judge dismissed the claims of the son and daughter, holding that the sums payable to them out of principal were not payable until the death of settlor, whose intention was that the fund remain intact during his lifetime and that his wife receive the income.

The provisions of the deed as to the payment of principal sums to the wife and children follow the gift of income to the wife, and are in consecutive paragraphs. The time of payment of the wife's principal sum is expressly stated to be "upon the death of the settlor". That to the children is "when [each] attains the age of fifty years".

The "pole star" long fixed for the guidance of courts in interpreting deeds of trust, as in interpreting wills, is the intention of the maker: Hirsh's Trust Estate, 334 Pa. 172; Blish Trust, 350 Pa. 311. The whole and every part of a deed should be read in construing it: Sippy et al. v. Colter et al., 347 Pa. 1; Wolters Estate, 359 Pa. 520.

Under these rules, the gifts to the son and daughter at age 50 cannot be read separate and apart from the gift of income to the wife which immediately precedes them, and as well the gift to her of a principal sum at the death of settlor.

Harmony among the various provisions of the deed is obtained by postponing the payment of the sums to the son and daughter until the death of settlor.

Exceptants rely upon the language of the paragraph of the deed which contains the gift of income to the wife, as follows: ". . . pay over the income there-

from *or any undistributed balance thereof* unto Sarah E. Long, wife of the settlor, for life". (Italics supplied).

This they contend means the income of the "balance" of the estate which remains after payment of the sums due the son and daughter at age 50.

Assuming this to be true, it does not necessarily follow that distribution of the principal sums must take place in the lifetime of settlor. The above-quoted language applies equally as well to a distribution at settlor's death, and the "balance" may be that which then remains after the payment of the three sums.

The primary object of settlor's bounty was his wife, and her income should not be cut down except by clear and unambiguous language. Where the purpose of a testator is to devote the income of his estate to the use of a life tenant, legacies without indication of time of payment may be construed as postponed until life tenant's death. See Price's Estate, 81 Pa. 263; Wetter's Appeal, 20 W. N. C. 499, 12 Atl. 260; Staley v. Staley, 90 Pa. Superior Ct. 100; Hermann's Estate, 220 Pa. 52.

In the instant case, the deed sufficiently indicates an intent that each of the three sums, whether given to the wife, son or daughter, shall be payable at the same time, the death of settlor.

Exceptions 2 and 9 relate to the ruling of the auditing judge as to the admissibility of two letters written by settlor to the trustee dated August 22, 1936, and February 7, 1940, respectively, complaining that his intention was misconstrued by the scrivener, since he intended that the division of principal at his death should be fractional rather than in stipulated sums as provided in the deed. The auditing judge said in his adjudication:

"In construing the deed of trust the auditing judge has not given any weight to these letters for the reason

that it is his opinion that a reformation of the deed is not requested at this time."

Exceptants, who successfully objected to the admission of the letters, would have the auditing judge go further and say that these letters are immaterial "at any time", and that the deed of trust does not require reformation.

As this adjudication and opinion postpone any distribution of the principal of the trust, it is not necessary at this time to pass upon the reformation of the deed, or questions of distribution which may arise at the death of settlor, his wife or children, and the decree now entered is without prejudice to the future rights of the parties.

The exceptions are dismissed and the adjudication is confirmed absolutely.