468 A.2d 1093

Wilbur J. SIEBERT and Guy McKittrick, Administrators of the Estate of Marie Hanley, Deceased,

v.

James M. BIRD, Lee Hanley, Richard G. Leahy, Substitute Trustees Under the Declaration of Trust for Marie Hanley, Deceased, Leon J. Leahy and Manufacturers and Traders Company, Trustees Under Will of Gladys H. Leahy, Tullah Innes Hanley and Bennett Friedman, Surviving Executors of the Estate of Thomas Edward Hanley, James M. Bird and Ruth A. McCready, Executors of the Estate of J.W. Bird, William L. Hanley, Barbara L. Regan, Richard Leahy, William Bird, John E. Bird, James M. Bird, Thomas E. Bird, Joanne Bird Dorn, Jean Forster Dorn, Tullah Innes Hanley, and Leon J. Leahy.

In re Irrevocable Inter Vivos Trust Agreement of William HANLEY, Deceased.

Appeal of ADMINISTRATORS OF the ESTATE OF Marie HANLEY, John F. Dorn and Dale F. Dorn, Joint Executors of the Estate of Jean Forster Dorn, Deceased, at No. 35 W.D. Appeal Docket 1983.

Appeal of The HEIRS OF Anna H. BIRD, her children; James Bird, Thomas Bird, John Bird, Estate of Joanne Bird and Estate of William Bird at No. 36 W.D. Appeal Docket 1983.

Supreme Court of Pennsylvania.

Argued Sept. 15, 1983.

Decided Dec. 28, 1983.

Frederick W. Gallup, McDowell, McDowell, Wick & Daly, Bradford, for Adms. of Est. of Marie Hanley.

William Alvah Stewart, III, Howard D. Schwartz, Eckert, Seamans, Cherin & Mellott, Pittsburgh, for appellants John Dorn and Dale Dorn in No. 35 and for appellees in No. 36.

William C. Sennett, Knox, Graham, McLaughlin, Gornall & Sennett, Erie, Thomas C. Brown, Brown & Thiessen, Kansas City, Mo., for appellants in No. 36 and for appellees in No. 35 heirs of Anna H. Bird.

John J. Yoder, Smethport, for Tullah Hanley.

Robert J. Healy, Bradford, Pa., Ralph F. Scalera, Thorp, Reed & Armstrong, Pittsburgh, for Trustees Under Irrev. Inter Vivos Trust Agreement of William L. Hanley.

Thomas F. Nelson, Pittsburgh, for Heirs of Gladys H. Leahy.

Robert M. Landis, Robert L. Freedman, for Dennis W. Hillier, Philadelphia, Guardian Ad Litem for Wm. L. Hanley, Jr.

William A. Webb, Deputy Atty. Gen., Pittsburgh.

Before ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM.

The judgment of the Superior Court, 307 Pa.Super. 153, 452 A.2d 1360, is affirmed.

ROBERTS, C.J., filed a dissenting opinion in which NIX and LARSEN, JJ., joined.

ROBERTS, Chief Justice, dissenting.

I dissent from the majority's order affirming the order of the Superior Court, and would reverse the Superior Court's order and reinstate the decree of the orphans' court.

These are appeals, by allowance, from an order of the Superior Court affirming in part and reversing in part a decree of the Court of Common Pleas of McKean County, Orphans' Court Division, which directed that the undisposed income and corpus of certain securities be distributed to the administrators of the estate of Marie Hanley. The securities at issue, 500 shares of the capital stock of Hanley Company, had been the subject of a 1932 transfer from the donor William Hanley, Sr., to T. Edward Hanley and Anna

Bird, two of the donor's then-living children, for the benefit of Marie Hanley, an incompetent and daughter of the donor. The transfer was made pursuant to a comprehensive gift-giving and estate plan undertaken by the donor one year prior to his death in 1933, in which the donor made numerous transfers of securities in equal shares to his five living children, including Marie.

After reviewing the evidence, which included the sworn statements of several of the donor's children who had been privy to the 1932 transfers, the Chancellor (Dwyer, J., Specially Presiding) determined that the donor had intended a gift of the stock outright to Marie, with T. Edward Hanley and Anna Bird to act as guardians, and that the undisposed income and corpus of the securities should therefore pass to Marie's estate at her death. The Superior Court reversed on the basis of its determination that the donor had intended the securities to be transferred to Edward and Anna as trustees for Marie pursuant to an oral trust. The Superior Court thus held that the undisposed income and corpus should revert to the estate of the donor on the theory that a resulting trust was created in favor of the residuary legatees under the donor's will.

The record fully supports the Chancellor's determination of the donor's intent. When the donor initially transferred the disputed securities to Anna and Edward, he entered the notation "Trustees for (sic) Mary Hanley" on the stock transfer certificate. That certificate, however, was never issued. Instead, the donor had the word "VOID" written on the transfer stub as well as on the face of the certificate. The same day as the trust designation was revoked by the donor, a new certificate was issued with the notation "for Marie Hanley." These transactions occurred only after the donor had learned from his son William L. Hanley, Jr., (whom the donor had sent to New York City to seek professional advise on the use of trusts) that the Roosevelt Administration was likely to seek legislation with tax consequences adverse to gifts in trust.

Moreover, Anna, Edward, and William, in their capacity as administrators of their father's estate, expressly denied

122

that their father had created any trusts during his lifetime. Also, Anna refused to sign an affidavit prepared by Edward stating his understanding that his father had intended to create a trust in Marie's favor because "there was (no) such thought in (my) father's mind." As determined by the Chancellor, the fact that formal guardianship proceedings were never instituted is not inconsistent with an intent on the donor's part to create a guardianship, as the donor could legitimately have intended such a relationship, and yet have wished to avoid public proceedings which could tarnish his family name.*

Because the Chancellor's determination of the donor's intent is adequately supported by the evidence of record, the order of the Superior Court should be reversed and the decree of the Chancellor reinstated.

NIX and LARSEN, JJ., join in this dissenting opinion.

---

* Additional support for the Chancellor's determination of the donor's intent is found in the donor's will, which was executed within two days after the 1932 transfers of securities. Item One of the will expressly set up a "trust" of one-third of the donor's estate for his wife's life, the remainder, if any, to go to his residuary estate. On the basis of this portion of the will, the Chancellor concluded that "[i]f [the donor] had determined to set up a trust [for Marie], he had the ability, the knowledge and the advice to do so, but he failed to set up such a trust."