522 A.2d 641

**ESTATE OF Catherine M. TAYLOR.**

**Appeal of Christina M. SMELTZER.**

Superior Court of Pennsylvania.

Argued Nov. 20, 1986.

Filed March 18, 1987.

396

Robert B. Manchester, Bellefonte, for appellant.

Samuel M. Raffensperger, Gettysburg, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

On October 10, 1979, Catherine M. Taylor and her husband, Robert B. Taylor executed basically identical agreements of trust with an accountant. The distribution provisions of those respective agreements provided that:

> In the event the assets of Settlor's probate estate or the probate estate of Settlor's husband, Robert B. Taylor, are insufficient to pay out the specific monetary bequests set forth in the last will and testament of Settlor, or the last will and testament of Settlor's husband, Robert B. Taylor, or any codicils thereto, Settlor directs that Trustee, after the death of Settlor, her husband, Robert B. Taylor, and the said Gladys D. Henzler, shall pay to the said legatees the amounts of the legacies set forth in said last will and testament (the last to die as between Settlor and her husband) or any Codicils thereto, to the extent that probate assets were insufficient for that purpose.

Trust Agreement of Catherine M. Taylor, dated October 10, 1979 Section 5 ¶ E.

On March 29, 1982 Catherine Taylor executed an amendment to the First Agreement dated October 10, 1979. The amendment provided that:

> In the event the assets of Settlor's probate estate or the probate estate of Settlor's husband, Robert B. Taylor, are insufficient to pay out the specific monetary bequests set forth in the last will and testament of Settlor, or the last will and testament of Settlor's husband, Robert B. Taylor, or any Codicils thereto, Settlor directs that Trustee, after the death of Settlor, her husband, Robert B. Taylor, and the said Gladys D. Henzler, shall pay to the said legatees the amounts of the legacies set forth in the last will and testament of the Settlor or the same legacies as set forth in the last will and testament of Settlor's husband, Robert B. Taylor, or any Codicils thereto, to the extent that probate assets were insufficient for that purpose, it being the intention of Settlor that only one set of those legacies be paid, either from Settlor's estate or

from the the estate of Settlor's husband, Robert B. Taylor.

Amendment to Trust Agreement of Catherine M. Taylor dated March 29, 1982. Robert Taylor also executed an identical amendment to his trust agreement on the same date as Catherine.

On September 21, 1983 Catherine and Robert executed wills. Each will named 10 persons or groups to receive money under the will. Catherine died on January 26, 1984. However, as a result of the joint ownership of the marital property, Catherine's will was not probated. On June 5, 1985 Robert revoked the 10 legacies provided in his will by lining out the provisions. Robert died on July 28, 1985 and his will was subsequently probated.

On October 8, 1985 Adams County National Bank, Trustee of the trust estate created by Catherine, filed its First and Final Account and a Statement of Proposed Distribution, wherein the Trustee indicated its intent to distribute approximately $33,000.00 to the 10 legatees listed in Catherine's will. The balance of the trust, approximately $10,000.00 would be distributed to Christina M. Smeltzer (appellant herein) as the residuary legatee of the trust. Smeltzer's exceptions to the proposed schedule of distribution were denied. The court approved the First and Final Account, confirmed the schedule of distribution and directed that distribution be made accordingly. This timely appeal followed.

■ In interpreting a trust instrument, the intent of the settlor is paramount and if that intent is not contrary to law, it must prevail. *Matter of Estate of Krebs*, 334 Pa.Super. 635, 483 A.2d 919 (1984).

In support of its order, the trial court focused on the language of the Trust Agreement of October 10, 1979 and the Amendment to the Trust Agreement of March 29, 1982. In determining that Catherine Taylor's intent was that the ten legatees be paid the court found the change in the language of the distribution provision to be significant. The original Trust Agreement provided that the legatees be

paid the amounts as set forth in the last will and testament of the last to die between Catherine and Robert. Under this provision the court concluded that it was clear that the beneficiaries were to be determined by the will of the last to die. However, the Amendment of the Trust Agreement of Catherine Taylor directed that the Trustee:

> shall pay to the said legatees the amounts of *the legacies set forth in the last will and testament of Settlor or the same legacies as set forth in the last will and testament of Settlor's husband,* Robert B. Taylor, or any Codicils thereto, to the extent that probate assets were insufficient for that purpose, it being the intention of Settlor that only one set of those legacies be paid, either from Settlor's estate or from the estate of Settlor's husband, Robert B. Taylor.

Amendment to Trust Agreement of Catherine Taylor dated March 29, 1982. Section 5 ¶ E. (emphasis added). According to the trial court the language directing the Trustee to pay the legacies set forth in the last will of the Settlor (Catherine Taylor) *or* the same legacies set forth in the last will of Robert Taylor evidenced Catherine's intent that the legatees be paid.

Appellant argues that the language of the Amendment to the Trust Agreement of Catherine Taylor is ambiguous. Appellant submits that in order to ascertain the true intent of the trust provisions, the court must place itself in the armchair of both Catherine and Robert Taylor and consider not only the language and the scheme of the instrument but also the facts and circumstances with which they were surrounded. These circumstances include the condition of their family, the natural objects of their bounty and the amount and character of their property. *In Re Irrevocable Inter Vivos Trust Agreement of Hanley,* 307 Pa.Super. 153, 452 A.2d 1360 (1982). Affirmed sub. nom. *Siebert v. Bird,* 503 Pa. 119, 468 A.2d 1093 (1983). Appellant asserts that she is the natural object of the bounty of both Catherine and Robert Taylor as demonstrated by the fact that she is single beneficiary of the residue of the trusts. Appellant

further argues that a reading of the original Trust Agreements, and Wills of the Taylors clearly reflects an intention by the parties that the survivor of the two (Catherine and Robert) have the authority to declare who would be the ultimate beneficiary of property. In support of this argument appellant points to the facts that, (1) the majority of the Taylors' property was jointly owned, and (2) the Taylors entered into identical trusts, trust amendments and identical wills. Consequently, appellant contends that the language of the March 29, 1982 amendment to Catherine's (as well as Robert's) Trust Agreement was merely stylistic rather than reflective of her intent that the survivor between she and Robert not be able to ultimately determine who would be the beneficiaries of their estate.

■ Our Supreme Court has said that:

A settlor's intent is to be determined from all the language within the four corners of the trust instrument, the scheme of distribution and the circumstances surrounding the execution of the instrument. Only if a settlor's intent cannot be ascertained with reasonable certainty will a court apply canons of construction, to attribute a reasonable intention to the settlor in the circumstances.

*Farmers Trust Co. v. Bashore,* 498 Pa. 146, 150, 445 A.2d 492, 494 (1982). Moreover, where there are two or more instruments relating to a trust they should be construed together to effectuate the settlor's intent. *In Re Blish Trust,* 350 Pa. 311, 38 A.2d 9 (1944).

■ Looking at the trust agreement, its amendment, as well as the will of Catherine Taylor, we are of the opinion that the orphan's court was correct in concluding that Catherine Taylor intended that the legacies under her will be satisfied from the trust proceeds in the event that the assets of her probate estate were insufficient to pay out the specific monetary bequests. The fact that Robert Taylor revoked the same legacies under his last will and testament cannot be construed to defeat Catherine Taylor's scheme of distribution under the Trust Agreement.

We agree with the trial court that the change in the wording of the distribution provision effected by the March 29, 1982 amendment is significant. The original provision clearly reflects Catherine Taylor's intent that the survivor, between she and her husband, have the ability to determine the beneficiaries of their estate. The amendment reflects a change in that intent, by directing the trustee to pay the legacies as set forth in her will or the same legacies as set forth in her husband's will in the event that the assets of the probate estate were insufficient. We cannot agree with appellant that the change in the wording of the trust agreement's distribution provision was merely stylistic and not reflective of Catherine Taylor's intent that the legacies be paid. Accordingly, we affirm the order approving the First and Final Account, confirming the schedule of distribution and directing distribution.

Order affirmed.