J-A29035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ROCKWELL O'SHEILL MARITAL TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: CHRISTINE T. O'SHEILL AND BRIDGETTE P. MARKELL | : | |
| | : | No. 555 WDA 2022 |

Appeal from the Order Entered April 6, 2022,
in the Court of Common Pleas of Warren and Forrest Counties,
Orphans' Court at No(s):  OC-71-2021.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED: JANUARY 23, 2023**

Christine T. O'Sheill and Bridgette P. Markell appeal from the order of the Orphans' Court of Warren and Forrest Counties granting declaratory relief to PNC Bank, the Trustee of the Rockwell O'Sheill Marital Trust.

Although it did not participate on appeal, PNC Bank filed this action to determine its duties in distributing the income and principal under a trust document, which Rockwell O'Sheill, Settlor of the Trust and an attorney, drafted and amended four times.  Specifically, PNC Bank asked the orphans' court to determine whether it should pay the entire trust to Mrs. O'Sheill in a lumpsum or gradually over various years.

In 1966, Mr. O'Sheill created a Trust for himself.  When Mr. O'Sheill settled the Trust, he was married to Susan M. O'Sheill.  She predeceased him, and he eventually married Christine T. O'Sheill ("Mrs. O'Sheill").  Mr. O'Sheill had four children:  Bridgette P. Markell, Colleen Gregory, Sean O'Sheill, and Lavalette O'Sheill.

The trust documents provided that the Trust would devolve into two trusts upon Mr. O'Sheill's death – Trust A and Trust B. Trust A was for the benefit of his wife, for life, and granted her the power to appoint beneficiaries of any remaining principal at her death. Trust B was for the benefit of his wife and the children.

Trust B was to be funded by any funds over a set minimum in the trust documents. Upon Mr. O'Sheill's death, however, there was no residue over the set minimum, so the Trust's funds went entirely into Trust A. Due to the lack of any funding, Trust B does not exist.[1]

Under the original trust document, formally, Mr. O'Sheill's wife had an unfettered right to demand that PNC Bank pay her any or all of Trust A's principal. However, relevant to this appeal, in 1996, Mr. O'Sheill authored a Second Amendment to the Trust, which added a new paragraph to the section on Trust A. That Second Amendment dictates, "In addition to the right to receive the income of the TRUST in manner and form as set forth above, SETTLOR'S Wife . . . shall have the right to direct that TRUSTEE to pay . . . out of the principal of the TRUST . . . an amount not in excess of the greater

---

[1] In Pennsylvania, a "trust arises when by a sufficient declaration of its terms, the three following elements concur: sufficient words to create it, a definite subject matter, and a certain or ascertained object." ***DiLucia v. Clemens***, 541 A.2d 765, 767 (Pa. Super. 1988). "A trust cannot be created unless the subject matter is definite or definitely ascertainable." ***Id.*** (quoting THE RESTATEMENT (SECOND) OF TRUSTS § 76 (1959). Because Trust B has no definite subject matter in it, Trust B is no trust at all.

of $5,000.00 or 5% of the aggregate value of the TRUST on the last day of the Trust year . . . ."

Based on the above language, the orphans' court held that Mrs. O'Sheill could only take a portion of the principal on a yearly basis. Mrs. O'Sheill and Ms. Markell timely appealed.

They raise two appellate issues as follows:

> 1. Whether the [orphans'] court erred by finding that the Second Amendment to the . . . Trust only addressed [Mrs. O'Sheill's] ability to withdraw principal from Trust A of the trust, rather than her ability to withdraw principal from the entire trust, including Trust B?

> 2. Whether the [orphans'] court erred by entering declaratory relief interpreting the Second Amendment to the . . . Trust as limiting [Mrs. O'Sheill's] ability to request principal distributions from Trust A to the greater of 5% of the principal or $ 5,000?

Mrs. O'Sheill's Brief at 5.

The learned Judge Gregory J. Hammond of the Court of Common Pleas of Warren and Forrest Counties correctly disposed of the above issues in two detailed, well-reasoned opinions. The first was an Opinion dated April 6, 2022, entered as part of the court's initial ruling. The second was a Pa.R.A.P. 1925(a) Opinion, entered on May 31, 2022. We adopt both opinions as our own and affirm the appealed-from order on the analysis therein.

In particular, the orphans' court held that the Second Amendment to the trust document explicitly limited Mrs. O'Sheill's ability to withdraw money from the Trust to either 5% or $5,000 of the principal, per year. According to

- 3 -

the orphans' court, that language created a patent ambiguity in the document, because the original trust language (which Mr. O'Sheill failed to delete) allowed Mrs. O'Sheill to withdraw all the principal at any time. Thus, the two provisions obviously contradicted each other. The court reasoned, that the newer, more specific language supplanted the older, general language of the original trust document.

Based on the precedents in the orphans' court's April 6th Opinion, we agree. This conclusion is particularly compelling where, as here, the Settlor was an attorney. Mr. O'Sheill knew or should have known the rules of trust-document construction when he amended the original document to include more specific language. Clearly, he intended that the words of the Second Amendment to the Trust would have their plain and clear effect – *i.e.*, that they would limit Mrs. O'Sheill's ability to withdraw money from the principal of Trust A to 5% or $5,000 per year.

We hereby direct the parties to attach both orphans' court opinions to this Memorandum in all future proceedings.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2023

- 4 -

IN RE: ROCKWELL
O'SHEILL MARITAL TRUST

REGISTER & RECORDER

APR 0 6 2022

WARREN COUNTY PA

IN THE COURT OF COMMON PLEAS
OF THE 37 JUDICIAL DISTRICT OF
WARREN COUNTY, PENNSYLVANIA

ORPHANS' COURT DIVISION
NO.OC-71-2021

## OPINION AND ORDER PURSUANT TO 42 PA.C.S.A. § 7532

### PROCEDURAL AND FACTUAL BACKGROUND

Before the Court is PNC Bank, National Association's (hereinafter "PNC Bank") Petition for Declaratory Judgment concerning the Rockwell O'Sheill Marital Trust filed on November 10, 2021. Rockwell O'Sheill (hereinafter "Settlor") executed a Revocable Trust Agreement with Pennsylvania Bank and Trust Company on August 8, 1966. PNC Bank became trustee after merging with Pennsylvania Bank and Trust Company. The Settlor designed the trust to divide into two parts upon his death. The Marital Trust would exclusively list Settlor's spouse as the beneficiary of the trust for life and Trust B would go to the Settlor's four children. The Settlor made four amendments to the agreement creating the trust: (1) February 21, 1968, (2) February 26, 1996, (3) May 25, 2004, and (4) November 18, 2011.

The Settlor died on November 3, 2019, when the market value of the trust was $990,090.58. The Settlor's previous wife predeceased the Settlor. The wife of the Settlor at the time of his death was Christine T. O'Sheill (hereinafter "Settlor's Wife"). All the trust's assets qualified for marital deduction; thus, Trust B was never funded. During May of 2020, Settlor's Wife and PNC Bank

1

executed a Waiver of Account, Receipt, Release and Indemnification Agreement approving PNC Bank to administer the trust and the rest of its distribution. On July 13, 2020, Settlor's Wife requested the balance of the trust distributed to her account in accordance with her rights under Article II Section B of the Trust.

The gravamen of this dispute concerns the interpretation of Article II Section B of the Trust because of additions to this section from the Second Amendment in 1996. Under the Original Trust agreement, Article II Section B states, in relevant part, as follows:

> The Trustee shall pay the net income from Trust "A" to the Settlor's wife, **SUSAN M. O'SHEILL,** in installments convenient to her but not less frequently than annually, for and during her lifetime. In addition to such income, the Trustee shall pay over and distribute to the Settlor's wife from time to time during her lifetime such amounts of the principal of Trust "A" as she may in writing request.

With all the later amendment included, the relevant text of Article II Section B is currently as follows:

> The Trustee shall pay the net income from Trust "A" to the Settlor's wife, **SUSAN M. O'SHEILL,** installments convenient to her but not less frequently than annually, for and during her lifetime. In addition to such income, the Trustee shall pay over and distribute to the Settlor's wife from time to time during her lifetime such amounts of the principal of Trust "A" as she may in writing request.
>
> In addition to the right to receive the income of the **TRUST** in manner and form as set forth above, **SETTLOR'S** wife, **SUSAN M. O'SHEILL** shall have the right to direct the **TRUSTEE** to pay or to apply for her use out of the principal of the **TRUST** in each Trust year, including the Trust year in which the **SETTLOR'S** death shall occur, if **SETTLOR'S** said wife, **SUSAN M. O'SHEILL,** shall survive him, an amount not in excess of the greater of $5,000.00 or 5% of the aggregate value of the principal of the **TRUST** on the last day of the Trust year for which payment shall be directed. The power to direct payment or application of principal conferred upon **SUSAN M. O'SHEILL** shall expire on the last day of each Trust year and shall not be cumulative. Such powers shall be exercised by an instrument in writing subscribed by **SUSAN M. O'SHEILL** and delivered to the **TRUSTEE.**

Pursuant to the THIRD AMENDMENT to the Trust dated May 25, 2004, the Settlor Amended the Trust and all prior Amendments to substitute all references to Susan M. O'Sheill,

who predeceased the Settlor, with the name of his new wife, Christine T. O'Sheill. On November 10, 2021, PNC Bank filed a petition with the Orphan's Court seeking a declaratory judgment pursuant to 42 Pa. Cons. Stat. §§ 7533 and 7535 to terminate the trust and distribute it to Settlor's Wife. PNC Bank argues that the Second Amendment's language creates an additional right of withdrawal but does not supersede the right of the Settlor's wife to the direct distribution of the trust's principal. This Court then issued a Rule to Show Cause on November 15, 2021, to which a hearing was scheduled and citation issued for the 25th day of February, 2022 in front of this Court.

On December 17, 2021, Settlor's Wife and Bridgette P. Markell, through counsel, filed their Answer to Petition for Declaratory Judgment, alleging in its New Matter that Settlor's Children are not beneficiaries of the trust and that they have no financial interests in the Trust; thus, lack standing to object to PNS Bank's interpretation of the Trust. Settlor's Wife and Bridgette P. Markell, through counsel, also requested that this Court grant PNC Bank's requested declaratory relief and approve PNC Bank's Proposed Decree.

On December 30, 2021, Petitioner PNC Bank filed its Reply to Respondents Settlor's Wife and Bridgette P. Markell's New Matter, requesting that this Court grant its Petition for Declaratory Judgment and enter an order holding that (1) no ambiguity exists with respect to the provisions in Article II, Paragraphs B and C of the Rockwell O'Sheill Trust dated August 18, 1966 and Paragraphs 2 and 3 of the February 26, 1996 Amendment; (2) Settlor's Wife has exercised her right to withdraw the balance of the Rockwell O'Sheill Marital Trust; (3) PNC Bank, National Association, as trustee of the Rockwell O'Sheill Marital Trust shall distribute the Marital Trust assets to Settlor's Wife; and (4) the Marital Trust shall thereafter terminate.

On January 7, 2022, Settlor's Children, through counsel, filed their answer to PNC Bank's Petition for Declaratory Judgment, stating that the Second Amendment to the trust is intended to

3

limit the Settlor's wife's ability to withdraw principal from the trust. They also requested that this Court deny PNC Bank's Petition for Declaratory Judgment and find that (1) no ambiguity exists and limits the Settlor's wife to direct distributions of not more than $5,000.00 or 5% of the aggregate value of the Trust principal, whichever is greater; (2) Settlor's Wife is not permitted to request any distribution in excess of $5,000.00 or 5% of the aggregate of the Trust value; and that (3) the Trustee must deny any such requests by Settlor's Wife and must seek the return of any prior distributions made to her that are contrary to the Trust terms.

On January 25, 2022, Settlor's Wife and Bridgette P. Markell, through counsel, filed their Response to Settlor's children's New Matter and Memorandum of Law in Support of the Petition for Declaratory Ruling, which alleges that the argument of the Settlor's children would rewrite the trust and that they do not have standing in this case.

On January 26, 2022, PNC Bank filed its Reply to Settlor's Children's New Matter and argued that the Second Amendment's language creates an additional right of withdrawal, but does not supersede the right of the Settlor's wife to the direct distribution of the trust's principal. It again asked this Court to grant its requested relief.

At the time set for oral argument, all parties were given the opportunity to engage in discovery and/or request an evidentiary hearing to present testimony or evidence in support of their positions, but declined to do so. Upon due consideration and arguments of counsel, an Order was issued on February 25, 2022, ordering and decreeing that (1) the Settlor's Children do have standing in this matter; (2) counsel for Settlor's Children file a brief regarding the interpretation of Section II.B. of the Trust Agreement dated February 21, 1968 and Section 2 of the Amendment to Indenture of Trust Under Date of August 18, 1966 (Second Amendment) dated March 11, 1996

4

within thirty (30) days of the date of the order; and (3) counsel for Settlor's Wife and Bridgette P. Markell shall submit a reply brief thirty (30) days therefrom.

Settlor's Children, through counsel, subsequently filed a legal brief on March 25, 2022, arguing that the Second Amendment should be given effect over the language of the Original Trust for the reason that the Settlor intended to limit the power of Settlor's wife to invade the principal of the Marital Trust. An interpretation to the contrary, Settlor's Children argue, would be an illogical interpretation of the Original Trust and the Second Amendment.

On April 1, 2022, Settlor's Wife and Bridgette P. Markell, through counsel, filed their Reply Brief in Support of Petition for Declaratory Ruling, arguing that there is no ambiguity in the Trust language and Settlor's Wife is entitled to the entire principal of the trust without limitation.

**DISCUSSION**

When interpreting a trust, "the intent of the Settlor is paramount and if that intent is not contrary to law, it must prevail." *Est. of Taylor*, 361 Pa. Super. 395, 398, 522 A.2d 641, 642 (1987). The court determines the Settlor's intent from the language within the four corners of the trust instrument, the distribution scheme, and the circumstances surrounding the execution of the trust. *Id.* at 643. The canons of construction apply to the trust "only when the language of the trust is ambiguous or conflicting or when the Settlor's intent cannot be garnered from the trust language[.]" *In re Est. of Loucks,* 2016 Pa. Super. 206, 148 A.3d 780, 782 (2016). When interpreting a will or trust, the court must give effect to every word and clause if reasonably possible to prevent any provision from becoming unnecessary or irrelevant. *In re Est. of Harrison*, 456 Pa. Super. 114, 122, 689 A.2d 939, 943 (1997) ("when interpreting a will, we must give

effect to every word and clause where reasonably possible so as not to render any provision nugatory or mere surplusage.").

To determine whether an ambiguity exists in a will or trust, a court determines whether there are objective indications that the term in the document is subject to different meanings after hearing evidence from both parties. *In re Est. of Schultheis,* 14, 747 A.2d 918, 923 (Pa. Super. 2000). An ambiguity can be patent or latent. *Id.* Patent ambiguity occurs when a term or terms are ambiguous on the face of the document as a result of defective or obscure language. *Id.* Latent ambiguity is an issue when the language is clear on the face of the document, but collateral facts make the meaning of the language ambiguous. *Id.*

There is a patent ambiguity in the language of the Trust and the Second Amendment. The Court here has no outside testimony or evidence to consider. Upon review of the four corners of the Original Trust and Second Amendment, Settlor's Wife's argument fails for the reason that a reading of the Original Trust language together with the Second Amendment would render the amendment futile. The Settlor's wife's interpretation of the Trust would render the entire Second Amendment to Article II Paragraph B irrelevant and unnecessary. If the wife continues to enjoy the right to request any amount of principal at any time, the specific figures of $5,000.00 and 5% of the Trust value are rendered exercises in legal and mathematical futility. The limitation to annual distributions also is a nullity. The entire section of the Second Amendment setting forth caps on principal distributions would be nugatory and mere surplusage. The Second Amendment was created 30 years after the original Trust. It represents the manifestation of the Settlor's intent with respect to the wife's ability to request principal distributions nearly three decades down the road from the creation of the original trust language. This Court cannot find that the Settlor's intent was to supplement that which cannot be supplemented--a total and unlimited ability to request

distribution of the principal. This Court can envision no circumstance under which the Settlor would execute the Second Amendment unless it was for the specific intent to limit the wife's ability to request unlimited distribution of the principal. Wife's argument that these two completely conflicting provisions regarding principal distribution can live side by side, while abiding by trust interpretation principals, defies logic and reason. Any attempt to reconcile this ambiguity by simply stating the new principal distribution language is simply an addition to the existing unlimited right to request all principal ignores the obvious that the new language capping the distributions at 5% / $5,000 per year means nothing and, therefore, the Settlor intended nothing in developing those specific limits. The children's proposed interpretation recognizes the initial validity of the original trust language, but argues that the Settlor's intent changed over time and in 1996 the Settlor's intent was to limit the right to principal distributions. This Court is being asked to hold that, either the Settlor's intent regarding principal distribution changed over thirty years, or the Settlor intended to create an amendment that is meaningless and of no effect. This Court finds the former represents the Settlor's intent. The Settlor's intent to preserve the trust and provide a source of regular income to the wife, as well as to provide a limited ability to invade principal, certainly is not contrary to law.

This Court acknowledges that the Second Amendment indicates that Article II Paragraph B "shall have added an additional Paragraph." The Second Amendment does not indicate that the new paragraph replaces the original Paragraph. This represents the patent ambiguity for the Court's determination. The wife's argument that this general language dictates that the Second Amendment must be determined to be an addition to the language of the original Trust, however, is not persuasive. Of particular note, and importance to this Court, is the introductory and qualifying language of the new paragraph set forth in the Second Amendment. That language is as

7

follows: *"In addition to the right to receive the income of the Trust* in manner and form as set forth above, SETTLOR'S wife, Susan M. O'Sheill, shall have the right to direct the TRUSTEE ..." (emphasis added). The paragraph goes on to describe wife's right to request annual principal distributions up to the greater amount of $5,000.00 or 5% of the value of the Trust. Settlor's Wife's proposed interpretation renders the emphasized language redundant and meaningless. Further, this introductory language omits the right of Settlor's Wife to request any amount of principal at any time as set forth in the original Trust. Under the Settlor's Wife's proposed interpretation, the introductory language would have read "In addition to the right to receive the income of the Trust *and principal distributions in any amount and at any time* in manner and form as set forth above, SETTLOR'S wife, Susan M. O'Sheill, shall have the right to direct the TRUSTEE ..." (emphasis added). The Second Amendment does not state this. The language of the Second Amendment is consistent with the Settlor's Children's proposed interpretation of the Trust, that is, the wife has the right to receive regular income distributions from the trust and, in addition, has the right to request annual principal distributions capped at the greater of $5,000.00 or 5% of the value of the Trust.

If the Settlor intended these two provisions to be separate, stand-alone, provisions of the Trust, the Settlor would not have limited the language of the Second Amendment to be only in addition to the *income* distribution provision of the Original Trust paragraph. When words of general meaning in a trust are connected with words of narrower impact, interpretation of words of general meaning are confined to the more specifically described. *In Re Barnes Foundation,* 683 A.2d 894, Pa. Super. (1996). While Section 2 of the Second Amendment indicates that "Paragraph B. shall have added an additional Paragraph, to wit:" the "additional" term is more specifically described as "In addition to the right to receive the income of the Trust ..." The poorly

8

drafted Second Amendment contains at least some language from which to support this Court's determination of the Settlor's intent.

## CONCLUSION

The Settlor had the intent to limit the distribution for the reason that otherwise the language of the Second Amendment, with a specific dollar amount and percentage computation, would be unnecessary and irrelevant, would be given no effect and would be nugatory and mere surplusage. The Settlor's intent regarding permitted principal distributions from the trust to the wife changed over three decades. In addition to the Trustee's duty to distribute income during the wife's lifetime, the language regarding $5,000 or 5% annual distributions was intended by the Settlor to supersede and replace, and clearly not supplement, the right to an unlimited distribution of principle. Thus, to give effect to the intent of the Settlor, this Court holds that the Second Amendment was intended to supersede the original Trust principal distribution language.[1]

April 6, 2022

GREGORY J. HAMMOND, J

Commonwealth of Pennsylvanio
County of Warren
Cortlfled from the office of
Recorder of Deeds, Register of Wills, Orphans' Court
of the aforesald County.
, *tf* Witn9ssmy,hand and seal ti s
"_day or (44kA_D22

*Lisa A. Burkhouse*

---

[1] This Court recognizes that the Wife enjoys a limited Power of Appointment over any principal balance of the Trust to be exercised in her Last Will and Testament. As a result, the Settlor's children may not ultimately receive any benefit from the principal of the Trust being preserved. This issue will not be ripe for the Court's consideration until the wife's death and the probate of any will she may have. As the Court ruled in this matter, the children have standing as contingent beneficiaries under the provisions of the Trust and would also have standing to challenge the validity of any purported Power of Appointment at the appropriate future date.

9

IN RE: ROCKWELL O'SHEILL
MARITAL TRUST

REGISTER & RECORDER

JUN 0 1 2022

WARREN COUNTY PA

IN THE COURT OF COMMON PLEAS
OF THE 37TU JUDICIAL DISTRICT OF
WARREN COUNTY, PENNSYLVANIA

ORPHANS' COURT DIVISION
NO.OC-71-2021

## MEMORANDUM OPINION PURSUANT TO 1925(a)

On May 5, 2022, Christine T. O'Sheill and Bridgette P. Markell filed a timely Notice of Appeal from the Order of this Court dated April 6, 2022, denying the Petition for Declaratory Judgment filed by PNC Bank, National Association filed on November 10, 2021. On May 11, 2022, this Court filed an Order pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the date of the Order. On May 31, 2022, the Appellants filed their concise statement of matters complained of on appeal. All issues set forth therein were addressed by this Court in its Opinion and Order Pursuant to 42 Pa.C.S.A. §7532 on April 6, 2022, with the exception of the following assigned error:

**"5. The Lower Court erred by limiting its analysis of the Second Amendment to Trust A of the Trust and by not considering that the Second Amendment addressed the Settlor's wife's ability to request principal distributions from Trust B of the Trust."**

This Court disagrees with the assertion that "the Second Amendment addressed the Settlor's wife's ability to request principal distributions from Trust B of the Trust." The Second Amendment (Amendment 2) only addresses the Settlor's wife's ability to request principal distributions from Trust A The Amendment is to Article II Section B of the Trust. That section repeatedly indicates that the right to request principal by the Settlor's wife only applies to Trust A. No amendment to Trust B is made in the Second Amendment. Further, nothing in the original Trust permits the settlor's wife to request principal distributions from Trust B. Instead, Section ILE. of the Trust only permits discretionary income distributions by the Trustee to Settlor's wife and children, or for the Trustee to make discretionary principal distributions if Trust A has been

exhausted, and only for the Settlor's wife's maintenance and support. Nothing in the Trust or any amendments thereto grant Settlor's wife an unfettered right to demand principal distributions from Trust B beyond the Trustee's discretionary distributions upon depletion of Trust A. Therefore, the Court did not err in limiting the analysis of the Second Amendment to Trust A.

The Court incorporates its Opinion dated April 6, 2022, herein with respect to assigned Errors 1 through 4.

No further opinion shall issue.

May 31, 2022

BY THE COURT:

GREGORY J. HAMMOND, J