BILLY L. WHEELER, TRUSTEE UNDER THE MYRTLE P. WHEELER TRUST DEED DATED DECEMBER
13, 1990; BILLY L. WHEELER, TRUSTEE UNDER THE WILL OF MYRTLE P. WHEELER DATED
FEBRUARY 26, 1986; AND BILLY L. WHEELER, INDIVIDUALLY, PETITIONERS V. BILLY
TODD QUEEN, RESPONDENT

No. COA97-1580

(Filed 19 January 1999)

**Trusts— termination—distribution of property—terms of
incorporated will—codicil**

The trial court did not err in a declaratory judgment action to
determine the parties' rights to land described in a Trust Deed by
determining that the trust corpus passed to petitioner, although
the action was remanded to the trial court for clarification of the
language of the judgment, where Mrs. Wheeler executed a Trust
Deed in 1990 to insure that her material needs would be taken
care of during her lifetime; she incorporated into the Trust Deed
a 1986 will by reference; she executed a second will on 16 June
1992 which expressly revoked all prior wills and codicils; and the
trial court concluded that the trust corpus passed under the will
dated February 26, 1986. The Trust Deed was not transformed by
the incorporation of the 1986 will into a testamentary document,
subject to revocation by a later drafted will. However, the judg-
ment was remanded to clarify that the trust corpus did not pass

---

under the will but according to the Trust Deed, which included the 1986 will incorporated by reference.

Appeal by respondent from judgment entered 10 September 1997 by Judge Robert H. Hobgood in Granville County Superior Court. Heard in the Court of Appeals 15 September 1998.

*Royster, Royster & Cross, LLP, by T.S. Royster, Jr., and Burnette & Wilkinson, by Michael P. Burnette, for petitioner-appellee.*

*Edmundson & Burnette, by R. Gene Edmundson, J. Thomas Burnette, and James T. Duckworth, III, for respondent-appellant.*

LEWIS, Judge.

On 13 December 1990, Myrtle P. Wheeler executed a "Trust Deed," which she recorded the following day. The Trust Deed stated that in consideration of ten dollars, Myrtle Wheeler "hereby give[s], grant[s], bargain[s], sell[s] and convey[s] unto" Billy L. Wheeler, Trustee, "his successors and assigns, for the purposes and upon the limitations hereinafter specifically defined, a one-half undivided interest in" two parcels of land. The property is described as measuring 142.587 acres.

The Trust Deed continues in relevant part:

1.

The Trustee herein shall receive, hold, manage, lease, encumber, sell, construct, assign, alter, invest, reinvest and otherwise deal with said property and all additions thereto as the Trustee may deem for the best interest of the beneficiary of said Trust Estate, without the necessity of authorization by, or accounting to, or confirmation of any Court.

. . . .

3.

The Trustee is authorized and directed to pay from time to time to, or for the benefit of, Myrtle P. Wheeler, such sums as may be necessary for her support and maintenance during her lifetime, such sums to be paid first out of the income from the trust property, and if said Trustee, in his sole discretion, deems it desirable or necessary for the comfortable support and maintenance of the said Myrtle P. Wheeler, may pay a portion, or all of the cor-

pus of the Trust Estate to or for the benefit of Myrtle P. Wheeler. The amounts necessary for the support and maintenance of the said Myrtle P. Wheeler shall be in the sole and absolute discretion of the Trustee.

4.

Upon the death of Myrtle P. Wheeler, this Trust shall terminate and the Trustee shall be discharged, and all of the property which remains in the Trust Estate including corpus and accumulated income, if any, shall pass as directed under the terms and provisions of the Last Will and Testament of Myrtle P. Wheeler dated February 26, 1986, which Will is incorporated herein by reference.

. . . .

6.

This trust is irrevocable.

IN TESTIMONY WHEREOF, the party of the first part has hereunto set her hand and seal, this the day and year first above written.

(s) Myrtle P. Wheeler (SEAL)

The Last Will and Testament of Myrtle P. Wheeler, dated February 26, 1986, appoints Billy L. Wheeler as executor. It provides in relevant part,

ITEM III

I give and bequeath all of my tangible and intangible personal property to my grandson, Billy Todd Queen, to be his absolutely.

ITEM IV

I give, bequeath and devise all of the real property which I may own at the time of my death to my son, Billy L. Wheeler, as Trustee to be held and managed for the uses and purposes as follows:

A. The main objective and purpose of this trust is to provide for the maintenance of my grandson, Billy Todd Queen, and to that end my Trustee shall pay from time to time to or for the benefit of my grandson, Billy Todd Queen, such sums either from the corpus or accumulated income of the trust as he in his sole and

absolute discretion deems adequate for the maintenance of my said grandson.

. . . .

D.  Upon the death of my daughter, Ruth Jean Wheeler Queen, this trust shall terminate and the property then remaining in the trust shall be delivered to my grandson, Billy Todd Queen, free and discharged of the trust. In the event my grandson, Billy Todd Queen, should die prior to the termination of this trust as above provided, the trust shall them [sic] terminate and all of the trust property shall be delivered to and become the property of my son, Billy L. Wheeler, free and discharged from the trust.

Mrs. Wheeler executed a second will on 16 June 1992, which expressly revoked all prior wills and codicils. The 1992 Will names as executor the testator's son, "Billie L. Wheeler," and it contains the following relevant provisions:

ITEM TWO:  I hereby will, devise and bequeath, all monies of which I die seized and possessed, to my son, Billy L. Wheeler, completely.

ITEM THREE:  In the event my son, Billie L. Wheeler, predeceases me, then I hereby will and bequeath all monies of which I die seized and possessed to my grandson, Billy Todd Queen, completely.

ITEM FOUR:  I hereby will, devise and bequeath all the rest and residue of my property of which I die seized and possessed, whether the same be real, personal or mixed, to my grandson, Billy Todd Queen, absolutely and in fee simple.

Myrtle Wheeler died on 26 December 1995.

Billy L. Wheeler filed this lawsuit against Billy Todd Queen, seeking a judgment that would declare the parties' rights with respect to the land described in the Trust Deed. The superior court judge concluded that the 1986 Will "was properly incorporated by reference into the Trust Deed . . ., effectively merging the two documents into one and passing title to the land at decedent's death to Billy L. Wheeler, as Trustee, under the decedent's Will dated February 26, 1986." Defendant appeals.

The writing that Myrtle Wheeler recorded in 1990 expressed Mrs. Wheeler's intention to create a trust in order to provide for her own

support during her lifetime. It identified specific property as the trust res—an undivided one-half interest in certain real estate in Granville County—and it conveyed this property to Billy Wheeler as trustee. A valid, express, inter vivos trust was established. *See Baxter v. Jones,* 14 N.C. App. 296, 306-08, 188 S.E.2d 622, 627-28, *cert. denied,* 281 N.C. 621, 190 S.E.2d 465 (1972).

We are asked to determine how the real property within the trust was to be disposed of once the trust ended. Our responsibility is to ascertain the intent of the settlor and to carry out that intent. *Callaham v. Newsom,* 251 N.C. 146, 149, 110 S.E.2d 802, 804 (1959). We derive the settlor's intent from the language and purpose of the trust, construing the document as a whole. *Davison v. Duke University,* 282 N.C. 676, 707, 194 S.E.2d 761, 780 (1973).

The case turns on our interpretation of Paragraph Four of the Trust Deed. Again, that paragraph reads,

> Upon the death of Myrtle P. Wheeler, this Trust shall terminate and the Trustee shall be discharged, and all of the property which remains in the Trust Estate including corpus and accumulated income, if any, shall pass as directed under the terms and provisions of the Last Will and Testament of Myrtle P. Wheeler dated February 26, 1986, which Will is incorporated herein by reference.

If we were to read these words without considering them in the context of the entire Trust Deed, we might perceive an intent by Mrs. Wheeler for the real property within the trust literally to "pass" under her 1986 Will. Moreover, we could further this perceived intent by inferring that the Trust Deed conveyed to the trustee only an estate for the life of Mrs. Wheeler, and that Mrs. Wheeler retained an interest, fully devisable, in the lands conveyed into the trust. Thus, it would be possible for the real property in the trust to "pass" under Mrs. Wheeler's 1986 Will. The interest in the trust lands that Mrs. Wheeler retained would pass, under the 1986 Will, to petitioner as trustee for respondent.

Upon closer scrutiny of the Trust Deed, a better interpretation emerges. This trust was created by Myrtle Wheeler, a widow with grandchildren, primarily to ensure that her material needs would be taken care of during her lifetime. To that end, she appointed her son trustee of certain real property and instructed him to deal with it so as to produce income for her support and maintenance. Specifically, Mrs. Wheeler directed her son to "manage, lease, encumber, sell, con-

struct, assign, alter, invest, reinvest and otherwise deal with said property and all additions thereto." It was Mrs. Wheeler's further instruction that support payments should first be paid "out of the income of the trust property" and second, only if "desirable or necessary," out of the "corpus of the Trust Estate."

The trustee was expressly authorized to sell the trust corpus. It was contemplated by the settlor that these sales would convey estates in fee simple: The trust instrument provides for distribution of "all of the property which *remains* in the Trust Estate" at Mrs. Wheeler's death (emphasis added). Indeed, given the purpose of this trust, it would have made little sense for Mrs. Wheeler to have given the trustee only a life estate in the trust lands. It might have become necessary, for example, for the trustee to sell or encumber some or all of the trust property to pay emergency medical expenses; doing so would be far more difficult, and would generate far less income, if the trustee could convey only a life estate. There would be little if any market for such property.

Furthermore, the Trust Deed does not state that the trust corpus and accumulated income "shall pass under the 1986 Will"; it states that the trust property "shall pass *as directed under the terms and provisions*" of the 1986 Will, "which Will is incorporated herein by reference" (emphasis added). This incorporation by reference effectively inserted the 1986 Will in its entirety into the Trust Deed. *Booker v. Everhart*, 294 N.C. 146, 152, 240 S.E.2d 360, 363 (1978).

Construing the document as a whole, we read the dispositional language of the Trust Deed as evincing an intent by Mrs. Wheeler that at her death, the trustee must distribute any property remaining within the trust to those persons designated to take it under her 1986 Will. The 1986 Will contains neither a specific reference to the 1990 trust nor a residuary clause. Instead, it makes a simple disposition of all her personal property to Billy Todd Queen, and all her real property to Billy Wheeler as trustee for Billy Todd Queen.

It must be that when Mrs. Wheeler executed the Trust Deed in 1990 and incorporated the 1986 Will by reference, she intended that any real property remaining in the trust at her death should be distributed to those persons taking real property under her 1986 Will, and that any accumulated income should be distributed to those persons taking personal property under her 1986 Will. This is so even though the Trust Deed states that at Mrs. Wheeler's death, "the Trustee shall be discharged." A trustee's duties continue until the

trust beneficiaries receive all the property due them under the trust. *Wachovia Bank & Trust Co. v. Taliaferro*, 246 N.C. 121, 128, 97 S.E.2d 776, 782 (1957).

Here, of course, no distribution of the real property remaining within the 1990 trust was necessary. Upon Mrs. Wheeler's death, Billy Wheeler retained legal title to the real property within the 1990 Trust, but he assumed the duty of managing that property as trustee for Billy Todd Queen under the terms and provisions of the trust set forth in the 1986 Will.

Mrs. Wheeler's execution of a second will in 1992 did not alter the terms of the 1990 trust. When the 1990 Trust Deed incorporated the 1986 Will by reference, it was not thereby transformed into a testamentary document, subject to revocation by a later-drafted will. Rather, the Trust Deed became a document with instructions for disposing of trust property upon termination of the trust, instructions which the Trust Deed otherwise lacked. The effect of this incorporation by reference was to make the 1986 Will part of the 1990 Trust Deed, not the other way around. *Booker*, 294 N.C. at 152, 240 S.E.2d at 363.

The trial court concluded that the trust corpus passed "under the decedent's will dated February 26, 1986." In the sense that the provisions of the 1986 Will determined the disposition of the trust property, the court's statement is true. We hold that the trust property passed under the provisions of the Trust Deed as amended by the incorporation of the 1986 Will by reference.

In conclusion, we agree with the trial court that the trust corpus passed to petitioner upon Mrs. Wheeler's death. However, we remand to the trial court with the recommendation that it alter the language of its judgment to clarify that the trust corpus did not pass "under" Mrs. Wheeler's will, but that it passed according to the 1990 Trust Deed, whose terms included the provisions of the 1986 Will incorporated therein by reference. Perhaps it is little more than semantics, but we would clarify that what survived the revocation of "all other wills and codicils" by the 1992 Will was not a will but rather the original and amended Trust Deed.

Remanded.

Judges MARTIN, John C. and WALKER concur.