JANICE T. DAVENPORT, PLAINTIFF v. CENTRAL CAROLINA BANK AND TRUST COMPANY, DEFENDANT v. DUKE UNIVERSITY, UNIVERSITY OF VIRGINIA, TRINITY AVENUE PRESBYTERIAN CHURCH, METHODIST RETIREMENT HOMES, INC., AMERICAN RED CROSS DURHAM CHAPTER, THE SALVATION ARMY, YOUNG MEN'S CHRISTIAN ASSOCIATION, ROLAND C. FIELDS, JR., LISA DAVENPORT DINKEL AND JANICE TAYLOR DAVENPORT, CONTINGENT THIRD-PARTY CROSS-DEFENDANTS

No. COA02-1576

(Filed 16 December 2003)

## Trusts— distribution of assets—summary judgment

The trial court did not err by denying plaintiff's motion for summary judgment and by granting summary judgment in favor of defendant bank in an action alleging that defendant breached its fiduciary duty as trustee by its distribution of the assets of two trusts so that the husband's trust assets were distributed to the wife's estate, combining them with the wife's trust assets, and distributing the combined trust assets along with the rest of the wife's estate as provided for in her will, instead of distributing to

**DAVENPORT v. CENTRAL CAROLINA BANK & TR. CO.**

[161 N.C. App. 666 (2003)]

plaintiff all of the wife's trust assets, because: (1) a review of both trust instruments reveals an intent on each settlor's part that the assets of both trusts be available for the care and support of the surviving spouse, and the surviving spouse is allowed to control the ultimate disposition of the assets of both trusts; and (2) the wife survived her husband, did not disclaim any portion of the husband's trust assets, and exercised her general power of appointment in a validly drawn and executed will.

Appeal by plaintiff from judgment entered 27 February 2002 by Judge A. Leon Stanback, Jr. in Durham County Superior Court. Heard in the Court of Appeals 10 September 2003.

*Epting & Hackney, by Steve Lackey and Joe Hackney, for plaintiff-appellant.*

*Newsom, Graham, Hedrick & Kennon, P.A., by Josiah S. Murray, III and J. Alan Campbell, for defendant-appellee.*

ELMORE, Judge.

Plaintiff, Janice Taylor Davenport, appeals from judgment entered 27 February 2002 denying her motion for summary judgment and granting summary judgment in favor of defendant, Central Carolina Bank and Trust Company. For the reasons discussed herein, we affirm.

In February and March 1989, Louise C. Rightsell and her husband, Earl F. Rightsell, established an estate plan by executing various testamentary documents. The Rightsells were plaintiff's great-aunt and great-uncle. On 23 February 1989, Louise Rightsell and Earl Rightsell executed separate revocable management trust documents, thereby creating the Earl F. Rightsell Trust (Husband's Trust) and the Louise C. Rightsell Trust (Wife's Trust), with each naming defendant as trustee. Both the Husband's Trust and the Wife's Trust were subsequently amended on 14 March 1989, with defendant again named trustee in each instance.

Earl Rightsell died in 1989, survived by Louise Rightsell. Pursuant to the terms of the Husband's Trust, defendant thereafter held the balance of the Husband's Trust estate as trustee for Louise Rightsell, with the net income paid to her quarterly. Defendant continued to so administer the Husband's Trust until Louise Rightsell's death in 1998. Upon Louise Rightsell's death, defendant, pursuant to Article Sixth of the Wife's Trust, set aside and delivered to itself, as trustee, the bal-

ance of the Wife's Trust estate. Article Sixth of the Wife's Trust provides in pertinent part as follows:

## SIXTH

As soon after the death of [Louise Rightsell] as is reasonably possible, the Trustee shall:

A. Set aside and deliver to itself, as Trustee for [Louise Rightsell's] husband, E.F. Rightsell and others, the balance of the Trust estate *to be held and administered under the applicable provisions of [the Husband's Trust]*. . . . (Emphasis added)

. . . .

As plaintiff acknowledges in her brief, "construction of the 'applicable provisions' of Earl Rightsell's [T]rust referred to in article '[s]ixth' of Louise Rightsell's Trust is the ultimate issue" before this Court for determination. Plaintiff argues that these "applicable provisions" are found only in Article Eighth of the Husband's Trust, while defendant contends they are also found in Articles Sixth and Seventh therein.

The Husband's Trust provides as follows in Articles Sixth, Seventh, and Eighth:

## SIXTH

As soon after the death of [Earl Rightsell] as is reasonably possible, the Trustee shall:

A. Set aside and hold *under the provisions of Article Seventh next below*, as Trustee for [Earl Rightsell's] wife, Louise Crowder Rightsell, *if she shall survive him*, the balance of the Trust estate. (Emphasis added) The said wife of [Earl Rightsell] shall have the right, power and authority, by written instrument filed with the Executor of [Earl Rightsell's] estate and the Trustee, within one-hundred fifty (150) days from the date of death of [Earl Rightsell], to disclaim a portion or all of the amount directed to be set aside for her under this paragraph A; whereupon the amount so disclaimed shall be added to and become a part of that trust which may be established pursuant to the provisions of Article Eighth below.

B. If [Earl Rightsell's] wife does not survive him, or shall disclaim any portion of said Trust estate, in either of such

events the balance of the Trust estate and/or the disclaimed portion shall be held under the provisions of Article Eighth below.

. . . .

### SEVENTH

The trust under this Article shall be for these purposes:

A. The net income shall be paid to Louise Crowder Rightsell, quarterly or more often so long as she lives.

. . . .

C. Upon the death of Louise Crowder Rightsell, the principal shall be paid to such person or persons, or to her estate, *as she may by specific reference to this power in her Will appoint.*

D. . . . The balance of any *unappointed* principal shall fall into the trust existing under Article Eighth and be there held and/or distributed as though it had originally been a part of that trust. . . . (Emphases added)

### EIGHTH

The trust under this Article shall be for these purposes:

A. During the lifetime of Alyse Walker Taylor the net income shall be paid in equal shares, monthly, to the said Alyse Walker Taylor and [plaintiff]; provided, however, that if [plaintiff] should predecease her mother, then [plaintiff's] daughter, Lisa Davenport, shall replace her mother as a beneficiary of this trust; and provided further, however, that upon the death of Alyse Walker Taylor this trust shall terminate and its assets shall be paid over to [plaintiff], if living, or to her daughter, Lisa Davenport, if [plaintiff] should be deceased . . . .

. . . .

Alyse Taylor Walker, who was Louise Rightsell's niece and plaintiff's mother, died prior to Louise Rightsell's 1998 death.

On 26 September 1990, Louise Rightsell executed a last will and testament in which she appointed the Husband's Trust assets to her estate, to pass under her will. Louise Rightsell's will, which

was drafted by the same attorney who had earlier drafted the Husband's Trust and Wife's Trust instruments, provided in pertinent part as follows:

> In Paragraph C of Article Seventh of [the Husband's Trust] . . ., the following language appears:
>
> > "Upon the death of Louise Crowder Rightsell, the principal shall be paid to such person or persons, or to her estate, as she may by specific reference to this power in her Will appoint."
>
> Pursuant to said authority *I hereby appoint the principal remaining in said Trust to my estate for use and distribution in accordance with the terms of this, my Will.*
>
> . . . . (Emphasis added)

Louise Rightsell's will then proceeded to make a number of specific bequests, including a bequest of $10,000.00 to plaintiff and bequests in varying amounts to the Salvation Army, the Durham County Chapter of the American Red Cross, Trinity Avenue Presbyterian Church, Methodist Retirement Homes, Inc., Young Men's Christian Association, Roland C. Fields, Jr., and Lisa Davenport. The will also bequeathed $200,000.00 in trust for the benefit of plaintiff and her family, with the trust ultimately to terminate and its assets to be paid over in equal shares to plaintiff and plaintiff's daughter. Plaintiff, a retired educator, bequeathed "all the rest, residue and remainder of [her] estate . . . in equal shares to DUKE UNIVERSITY and the UNIVERSITY OF VIRGINIA" for addition to each university's general endowment fund.

After Louise Rightsell's death on 30 January 1998, defendant promptly qualified as executor of her estate and proceeded to administer Louise Rightsell's estate according to the terms and provisions of her will. Defendant set aside and delivered to itself as trustee the Wife's Trust assets, totaling approximately $394,301.00. Defendant then combined the Wife's Trust assets with the Husband's Trust and, pursuant to the general power of appointment exercised by Louise Rightsell in her will, defendant added the combined Trust assets to Louise Rightsell's estate for distribution as directed in the will. Including the assets of both Trusts, Louise Rightsell's estate was valued at approximately $1,800,000.00 upon her death. Pursuant to the will's terms, plaintiff, Louise Rightsell's sole heir at law, received a total of $110,000.00 from her great-aunt's estate. Plaintiff acknowl-

DAVENPORT v. CENTRAL CAROLINA BANK & TR. CO.

[161 N.C. App. 666 (2003)]

edged receipt of this sum by executing two separate receipts before the Durham County Clerk of Superior Court on 16 March 1998.

Defendant completed its administration of Louise Rightsell's estate and distributed all the estate's assets on or about 26 May 1999. On 3 August 2000, plaintiff filed the subject civil action, alleging that defendant breached its fiduciary duty as Trustee by distributing the assets of the Wife's Trust to the Husband's Trust, and then adding the combined assets to Louise Rightsell's estate before distributing the estate's assets as directed by her will.[1] Plaintiff advocates a construction of the Wife's Trust whereby plaintiff would instead receive the Wife's Trust assets as the remainder beneficiary.

On 3 December 2001, plaintiff and defendant argued their cross-motions for summary judgment. By judgment entered 27 February 2002, the trial court denied plaintiff's motion and granted summary judgment in defendant's favor. Plaintiff gave notice of appeal on 28 March 2002.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). When reviewing a trial court's allowance of a summary judgment motion, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

By her first assignment of error, plaintiff argues that the four corners of the instruments establishing the Husband's Trust and the Wife's Trust compel a construction of these instruments that would result in distribution to plaintiff of all the Wife's Trust assets, pursuant to what she contends are the "applicable provisions" of Article Eighth of the Husband's Trust. To the contrary, however, we conclude that the plain language of the Husband's Trust and the Wife's Trust does not support such a construction, but rather compels administration of the Trust assets in the manner undertaken by defendant.

---

1. Also on 3 August 2000, plaintiff challenged the legal efficacy of Louise Rightsell's will by filing a *caveat* with the Durham County Clerk of Superior Court. On 6 September 2001, plaintiff voluntarily dismissed the *caveat*, with prejudice.

In construing the terms of a trust, "[o]ur responsibility is to ascertain the intent of the settlor and to carry out that intent . . . deriv[ing] the settlor's intent from the language and purpose of the trust, construing the document as a whole." *Wheeler v. Queen*, 132 N.C. App. 91, 95, 510 S.E.2d 195, 198, *disc. rev. denied*, 350 N.C. 385, 536 S.E.2d 320 (1999). Where there are two or more instruments relating to a trust, the instruments should be construed together to effectuate the settlor's intent. *Estate of Taylor*, 361 Pa. Super. 395, 400, 522 A.2d 641, 643 (1987).

Our review of the Wife's Trust and Husband's Trust instruments in their entirety reveals an intent on each settlor's part that (1) the assets of both Trusts be available for the care and support of the surviving spouse, and (2) the surviving spouse be allowed to control the ultimate disposition of the assets of both Trusts. In the event that Louise Rightsell survived her husband, as happened here, Article Sixth of the Husband's Trust clearly and unambiguously states that the Husband's Trust assets be held in a support trust for Louise Rightsell "under the provisions of Article Seventh" of the Husband's Trust. We must therefore proceed directly to Article Seventh of the Husband's Trust, which clearly and unambiguously grants to Louise Rightsell the right to distribute the Husband's Trust assets upon her death "to such person or persons, or to her estate, as she may by specific reference to this power in her Will appoint." Louise Rightsell clearly and unambiguously exercised her general power of appointment in her will, wherein she cited the foregoing language from the Husband's Trust Article Seventh and stated "[p]ursuant to said authority, I hereby appoint the principal remaining in said Trust to my estate for use and distribution in accordance with the terms of this, my will."

While Article Eighth of the Husband's Trust does make provision for the Husband's Trust assets to be held in trust for the benefit of plaintiff and her mother, with remainder to plaintiff upon her mother's death, the plain language of both the Husband's Trust and Wife's Trust instruments compels us to conclude that Earl and Louise Rightsell intended to fund such a trust only if Louise Rightsell (1) died before Earl Rightsell; (2) disclaimed any portion of the Husband's Trust assets; or (3) failed to exercise her general power of appointment. Otherwise, the Husband's Trust assets were to be held in a support trust for Louise Rightsell, subject to distribution upon her death according to her general power of appointment, if exercised.

In order to adopt the construction sought by plaintiff, we would have to, in effect, skip over Article Seventh of the Husband's Trust entirely and proceed directly to Article Eighth for the "applicable provisions" under which the Husband's Trust assets were to be administered. However, where, as here, Louise Rightsell survived her husband, did not disclaim any portion of the Husband's Trust assets, and exercised her general power of appointment in a validly drawn and executed will, we conclude defendant properly construed both Trusts by following the plain language of both Trust instruments and distributing the Husband's Trust assets to Louise Rightsell's estate, combining them with the Wife's Trust assets, and distributing the combined Trust assets along with the rest of Louise Rightsell's estate as provided for in her will. In light of our holding that the plain language of the Trust instruments compels this outcome, we need not consider plaintiff's remaining assignments of error.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.