NO. COA13-1232

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014


KAREN B. NEVITT in her capacity as
Executrix of the Estate of David
R. Robotham and as Beneficiary of
the Robotham Real Property Trust
as set forth under Article VI of
the Robotham Revocable Trust
Agreement dated August 2, 2011,
    Plaintiff-Appellee,

    v.                         New Hanover County
                                No. 12 CVS 2715
RICHARD GORDON ROBOTHAM; WADE A.
NEVITT; RICHARD H. JAGER; STEPHEN
P. SHEFFIELD, JR.; STEPHEN L.
KELTNER; SARA SHEFFIELD; GRIFFIN
E. NEVITT; JACK K. HUMPHREY, JR.;
ROBERT E. NEVITT; WILMINGTON
CHAPTER OF THE COLONIAL DAMES
HISTORICAL SOCIETY; SABRINA
BURNETT; JACK K. HUMPHREY, JR., as
Trustee of the Robotham Real
Property Trust,
    Defendants.


    Appeal by Defendant Sabrina Burnett from judgment and order entered 3 June 2013 by Judge Phyllis M. Gorham in Superior Court, New Hanover County. Heard in the Court of Appeals 4 March 2014.


    *Lawrence S. Boehling for Plaintiff-Appellee Karen Nevitt.*

    *The Lea/Schultz Law Firm, P.C., by James W. Lea, III and Paige E. Inman, for Defendant-Appellant Sabrina Burnett.*

McGEE, Judge.

Karen B. Nevitt ("Plaintiff"), in her capacity as Executrix of the Estate of David R. Robotham and as Beneficiary of the David R. Robotham Revocable Trust, filed a complaint on 11 July 2012 against Richard Gordon Robotham, Wade A. Nevitt, Richard H. Jager, Stephen P. Sheffield, Jr., Stephen L. Keltner, Sara Sheffield, Griffin E. Nevitt, Jack K. Humphrey, Jr., Robert E. Nevitt, the Wilmington Chapter of the Colonial Dames Historical Society, Sabrina Burnett ("Ms. Burnett"), and Jack K. Humphrey, Jr., as Trustee of the Robotham Revocable Trust (together, "Defendants"). In her complaint, Plaintiff requested declaratory judgment concerning whether a certain deed was valid.

Plaintiff attached as Exhibit A to her complaint, an agreement titled "David R. Robotham Revocable Trust Agreement" (hereinafter "trust agreement"). The trust agreement, dated 2 August 2011, was "by and between" David R. Robotham as Grantor and David R. Robotham as Trustee. The trust agreement provided that, upon the "incapacity or death" of David R. Robotham ("Mr. Robotham"), "[his] friend, Jack K. Humphrey, Jr., shall serve as sole Trustee hereunder[.]" The trust agreement was immediately funded with ten dollars by the express terms of the trust agreement. In the trust agreement, Mr. Robotham clearly stated

that the purpose of the trust was to hold his "personal residence located at 225 Seacrest Drive, Wrightsville Beach, North Carolina for [Ms. Burnett's] remaining lifetime should she survive me. It is my intent and desire that [Ms. Burnett] be provided with uninterrupted and exclusive use and enjoyment of the residence for as long as she shall live."

Plaintiff also attached as Exhibit B to her complaint, a document titled "North Carolina General Warranty Deed" ("the deed"). The deed, also dated 2 August 2011, identified "David R. Robotham" as Grantor and purported to convey the real property at 225 Seacrest Drive in fee simple to Grantee "David R. Robotham, Trustee [for the] David R. Robotham Revocable Trust."

Ms. Burnett filed an answer to Plaintiff's complaint in which she denied certain allegations, and asserted various counterclaims against Jack K. Humphrey, Jr. Jack K. Humphrey, Jr. filed an answer to Plaintiff's complaint in which he stated: "I [] Accept the Request of the Declaratory Judgment by Karen Nevitt," and he answered "Accept" to all allegations in Plaintiff's complaint.

The trial court held a hearing on 1 May 2013 and heard testimony from Richard Inlow ("Mr. Inlow"), Jack K. Humphrey, Jr., Ms. Burnett, Stephen Sheffield, Karen Nevitt, and Mark

Sheffield. Mr. Inlow testified that he was the attorney who, at Mr. Robotham's request, had prepared the trust agreement and the deed. Mr. Inlow agreed that, at the same time Mr. Robotham executed the trust agreement, Mr. Robotham "signed a deed to transfer in the [real] property from himself to the trust[.]" Mr. Inlow testified that he had told Mr. Robotham that "we were not done until we funded the trust and we had to do that with a bank account. We'll record a deed at the register of deed's office."

The trial court entered judgment and order on 3 June 2013 and made the following finding of fact number 18: "At the time of the death of David R. Robotham, the David R. Robotham Revocable Trust Agreement dated August 2, 2011 and the Robotham Real Property Trust were funded with a bank account only." The trial court concluded that: "The deed from grantor David R. Robotham remained within the control of the grantor David R. Robotham until his death, *was never delivered so was not a legally valid deed*." (Emphasis added). Ms. Burnett appeals.

## I. Standard of Review

"'The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. Where the findings are supported by competent evidence, the

trial court's findings of fact are conclusive on appeal.'" *Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008) (citations omitted). "'However, the trial court's conclusions of law are reviewable *de novo*.'" *Id.* (citation omitted).

## II. Analysis

First, "[t]he exchanges between the parties covering the subject in controversy are in writing, and manifest no ambiguity which would require resort to extrinsic evidence, or the consideration of disputed fact. Their construction is, therefore, for the [C]ourt." *Atkinson v. Atkinson*, 225 N.C. 120, 124-25, 33 S.E.2d 666, 670 (1945). It "'is a fundamental rule that, when interpreting . . . trust instruments, courts must give effect to the intent of the . . . settlor, so long as such intent does not conflict with the demands of law and public policy.'" *First Charter Bank v. Am. Children's Home*, 203 N.C. App. 574, 586, 692 S.E.2d 457, 466 (2010) (citations omitted).

Ms. Burnett correctly observes that the present case "does not fit the fact pattern" of previous cases regarding "delivery of a deed from a grantor to a third-party grantee[.]" The rule that "'the creation of a trust must involve a conveyance of property,'" *Bissette v. Harrod*, ___ N.C. App. ___, ___, 738 S.E.2d 792, 799 (2013) (quoting *In re Estate of Washburn*, 158

N.C. App. 457, 461, 581 S.E.2d 148, 151 (2003)), does not contemplate the situation in the present case, in which the settlor and the trustee are the same individual. In *Washburn*, this Court has acknowledged that a conveyance is not required where settlor and trustee are the same individual. *Id*. "'Aside from the situation in which a settlor of a trust declares himself or herself trustee, separation of the legal and equitable interests must come about through a transfer of the trust property to the trustee.'" *Id*. (citation and footnotes omitted).

It is well-established that, "[i]n creating an *inter vivos* trust, the creator [settlor] and the trustee may be one and the same person." *Ridge v. Bright*, 244 N.C. 345, 348, 93 S.E.2d 607, 610 (1956). Given that the settlor of a trust and the trustee are the same person in the present case, the trial court's reliance on delivery of the document labeled "North Carolina General Warranty Deed" is misplaced. There are multiple ways in which a valid trust may be created, for example:

> (1) Transfer of property by a settlor to a person as trustee during the settlor's lifetime or by will or other disposition taking effect upon the settlor's death[; or]
>
> (2) Declaration by the owner of property that the owner holds identifiable property as trustee unless the transfer of title of

that property is otherwise required by law. N.C. Gen. Stat. § 36C-4-401 (2013), *see also* Restatement (Second) of Trusts § 17 (1959), Restatement (Third) of Trusts § 10(c) (2003) (a trust may be created by "a declaration by an owner of property that he or she holds that property as trustee for one or more persons"). In order to create a valid trust by *transfer*, under section (1) above, title to the trust property has to be transferred by settlor to the designated trustee(s) to hold for the benefit of the intended beneficiary. *Bland v. Branch Banking & Trust Co.*, 143 N.C. App. 282, 287, 547 S.E.2d 62, 66 (2001).

However, transfer of the trust property is not a requirement for creating a valid *inter vivos* trust by *declaration* – under section (2) above. Because the settlor of a trust and the trustee may be the same person, it follows that "where the settlor and the trustee are the same person, no transfer of legal title is required, since the trustee already holds legal title." 76 Am. Jur. 2d Trusts § 46. The Restatement Second provides illustrations of ways a valid *inter vivos* trust may be created by declaration:

> a. Declaration of trust. If the owner of property declares himself trustee of the property, a trust may be created without a transfer of title to the property.
>
> Illustration:

1. A, the owner of a bond, declares himself trustee of the bond for designated beneficiaries. A is trustee of the bond for the beneficiaries.

So also, the owner of property can create a trust by executing an instrument conveying the property to himself as trustee. In such a case there is not in fact a transfer of legal title to the property, since he already has legal title to it, but the instrument is as effective as if he had simply declared himself trustee.

2. A, the owner of Blackacre, executes, acknowledges and records a deed conveying Blackacre to A as trustee for a designated beneficiary. A is trustee of Blackacre for the beneficiary.

Restatement (Second) of Trusts § 17, Comments (1959). This method of creating a valid trust — declaration of trust — is recognized in *Ridge*, 244 N.C. at 349, 93 S.E.2d at 611 ("when the owner of personal property, in creating a trust therein, constitutes himself as trustee, it is not necessary as between himself and the beneficiary that he should part with the possession of the property"); *see also* N.C. Gen. Stat. § 36C-4-401(2) (2013) (a trust may be created by "[d]eclaration by the owner of property that the owner holds identifiable property as trustee unless the transfer of title of that property is otherwise required by law"); Wiggins Wills & Administration of Estates in N.C. § 23:3 (4th ed.) ("Where the property owner declares himself trustee, delivery is not required.").

"The principle that a trust may be created by a declaration contained in a separate instrument, or in several instruments, other than the deed conveying the legal title, provided they have sufficient relation to each other and construed together evidence such trust, is generally recognized." *Peele v. LeRoy*, 222 N.C. 123, 125, 22 S.E.2d 244, 246 (1942). "'Express' . . . trusts are those trusts intentionally created by the direct and positive act of the settlor, by some writing, deed, or will, or an oral declaration[.]" *Williams v. Mullen*, 31 N.C. App. 41, 45, 228 S.E.2d 512, 514 (1976) (quoting 76 Am. Jur. 2d, Trusts § 15, p. 263).

In the present case, the record on appeal presents two documents relating to the Robotham Real Property Trust, both duly executed in front of a notary: (1) the trust agreement and (2) the deed. "Where there are two or more instruments relating to a trust, the instruments should be construed together to effectuate the settlor's intent." *Davenport v. Central Carolina Bank & Tr. Co.*, 161 N.C. App. 666, 672, 589 S.E.2d 367, 370 (2003) (citations omitted); *see also Smith v. Smith*, 249 N.C. 669, 675, 107 S.E.2d 530, 534 (1959) ("All instruments executed at the same time and relating to the same subject may be construed together in order to effectuate the intention.").

A "Statement of Grantor's Intent" appeared in Section 6.3

of the trust agreement, and set out Mr. Robotham's purpose for creating the trust:

> I am creating and funding this trust in an effort to grant **Sabrina Burnett** exclusive use and enjoyment of my personal residence located at 225 Seacrest Drive, Wrightsville Beach, North Carolina for her remaining lifetime should she survive me. It is my intent and desire that **Sabrina Burnett** be provided with uninterrupted and exclusive use and enjoyment of the residence for as long as she shall live. Furthermore, it is my desire that the trust bear the costs associated with maintaining the home, including but not limited to, the costs associated with taxes, insurance, association fees (if any), pest control, assessments and necessary repairs. I have attempted to fund the trust with sufficient working capital to cover the expenses associated with the residence for a reasonable period of time. (Emphasis in original).

The deed contained the following declaration that Mr. Robotham held the real property at 225 Seacrest Drive as trustee:

> WITNESSETH, that the Grantor, David R. Robotham, also known as David Ray Robotham (the "Settlor"), for a valuable consideration (non-taxable consideration) paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey onto the Grantee [David R. Robotham, Trustee, David R. Robotham Revocable Trust] in fee simple, all that certain lot or parcel of land situated in the Town of Wrightsville Beach, County of New Hanover, State of North Carolina, and being more particularly described as follows:[.]

When the trust agreement and the deed quoted above are considered in conjunction with each other, Mr. Robotham's intent concerning the real property at issue in this case is clear. Mr. Robotham desired that Ms. Burnett have exclusive use and enjoyment of Mr. Robotham's residence for Ms. Burnett's remaining lifetime, and intended to hold the property as trustee for the use and enjoyment of Ms. Burnett, as beneficiary. Because we have two contemporaneously executed documents relating to the trust, we do not decide whether either document, when considered alone, would have been sufficient to create a valid *inter vivos* trust by declaration.

We must consider the conditional language in N.C. Gen. Stat. § 36C-4-401(2) (emphasis added):

> A trust may be created by . . .:
>
> . . . .
>
> Declaration by the owner of property that the owner holds identifiable property as trustee *unless the transfer of title of that property is otherwise required by law.*

We must determine whether our law required additional action, such as recordation, to effectuate Mr. Robotham's intent to include the real property in the trust.  The North Carolina Comment to N.C. Gen. Stat. § 36C-4-401 states:

> Paragraph (2) [of N.C.G.S. § 36C-4-401] differs from the Uniform Trust Code by

adding the phrase "unless the transfer of title of such property is otherwise required by law." The Uniform Trust Code adopts the common law rule that a declaration of trust can be funded by declaring assets to be held in trust without executing separate documents of transfer. See the Official Comment to this section and authorities cited. *North Carolina courts have not addressed this issue.* The drafters concluded that the *best practice* is to require compliance with state law provisions governing the transfer of title in order to eliminate questions regarding ownership of property and provide better protection of the rights of third parties and trust beneficiaries.

N.C. Gen. Stat. § 36C-4-401, Comments (emphasis added).

In the present case, Mr. Robotham made no promise to convey legal title to Ms. Burnett. Rather, the record plainly shows that Mr. Robotham retained legal title to the real property at issue. It is well-established that the trustee holds legal title to trust property. *In re Estate of Pope*, 192 N.C. App. 321, 335, 666 S.E.2d 140, 150 (2008) ("There is no dispute that legal title to the trust assets was lodged in the trustees."); *see also* Strong's N.C. Index 4th, Trusts and Trustees, § 236 (2008). The documents at issue in the present case did not convey, as in transfer or deliver, legal title, because Mr. Robotham already held legal title to the real property. Legal title remained vested in Mr. Robotham. We can locate no North Carolina law requiring the transfer of property when creating an

*inter vivos* revocable trust by declaration.  Other jurisdictions clearly do not require any transfer of title when creating a trust by declaration.  *See Taliaferro v. Taliaferro*, 260 Kan. 573, 580, 921 P.2d 803, 809 (1996) ("Where, as here, the settlor and the trustee are the same person, no transfer of legal title is required, since the trustee already holds legal title."); *Estate of Heggstad*, 16 Cal. App. 4th 943, 950, 20 Cal. Rptr. 2d 433, 436 (1993) ("authorities provide abundant support for our conclusion that a written declaration of trust by the owner of real property, in which he names himself trustee, is sufficient to create a trust in that property, and that the law does not require a separate deed transferring the property to the trust").  Transfer is, of course, required when the settlor and trustee are not the same person.  N.C.G.S. § 36C-4-401(1).

We hold that the trial court erred in concluding: "The trust was never funded with the real property[.]"  When considered together, the trust agreement and the deed created a valid trust by declaration, which included the real property. There was not a requirement that Mr. Robotham execute a deed transferring title from himself to himself as trustee.  We reverse and remand to the trial court for further action in accordance with this opinion.

In addition, assuming *arguendo* transfer of the real

property was required, that transfer would still have to have been from Mr. Robotham to Mr. Robotham, as trustee. The deed was executed by Mr. Robotham, as grantor, to himself, as "Trustee, David R. Robotham Revocable Trust." This deed was executed by Mr. Robotham simultaneously with the trust agreement. Once these documents were executed by Mr. Robotham, the David R. Robotham Revocable Trust was created, and the real property became part of the corpus of that trust. There is nothing in these two documents evincing any intent on the part of Mr. Robotham to prevent the trust from taking immediate effect, or prevent title to the real property from being immediately delivered to himself, as trustee. Mr. Robotham's intent is clear from the documents, and manifests "no ambiguity which would require resort to extrinsic evidence, or the consideration of disputed fact." *Atkinson*, 225 N.C. at 124-25, 33 S.E.2d at 670.

Because there exists no ambiguity in the documents, it is irrelevant that Mr. Inlow informed Mr. Robotham after the fact that the transaction would not be "done" until the deed was recorded. At that point, the revocable trust had already been created, the real property was already part of the corpus, and Mr. Robotham was already trustee. Had Mr. Robotham wanted to revoke the trust, he could have done so, but any

misunderstanding about the nature of the trust, its corpus, or Mr. Robotham's authority under the trust, could not alter the nature of the trust itself.

"A conveyance of land can only be by deed." *New Home Bldg. Supply Co. v. Nations*, 259 N.C. 681, 683, 131 S.E.2d 425, 427 (1969) (citation omitted). "The word 'deed' ordinarily denotes an instrument in writing, signed, sealed, and delivered by the grantor, whereby an interest in realty is transferred from the grantor to the grantee." *Gifford v. Linnell*, 157 N.C. App. 530, 532, 579 S.E.2d 440, 442 (2008) (citation omitted). Recordation of the deed was not required to effect transfer of title in this instance, even assuming transfer of title between Mr. Robotham and Mr. Robotham as trustee was required, or possible, in the creation of a trust by declaration. *Washburn*, 158 N.C. App. at 461, 581 S.E.2d at 151 ("'Aside from the situation in which a settlor of a trust declares himself or herself trustee, separation of the legal and equitable interests must come about through a transfer of the trust property to the trustee.'") (citation and footnotes omitted); *see also Ridge*, 244 N.C. at 349, 93 S.E.2d at 611 ("when the owner of personal property, in creating a trust therein, constitutes himself as trustee, it is not necessary as between himself and the beneficiary that he should part with the possession of the property").

Therefore, we hold that the trial court erred in concluding: "The deed from David R. Robotham to David R. Robotham, Trustee, David R. Robotham Revocable Trust . . . was not delivered and is not a valid deed." Though we do not believe a properly executed deed was required to create the trust, we hold the deed was properly executed and delivered, and is therefore valid. Though the deed has not been recorded, that does not impact its validity in this instance. Lack of recordation only denies the deed the protections that recordation affords.

We hold that, in the present case, the documents satisfied N.C.G.S. § 36C-4-401(2) and served as a declaration "by the owner of property that the owner h[eld] identifiable property as trustee[.]" N.C.G.S. § 36C-4-401(2). Accordingly, the trial court's order is reversed.

Reversed.

Judges STEELMAN and ERVIN concur.